**STATE of Missouri, Plaintiff–Respondent,**

v.

**Edward K. SHIGEMURA, Defendant–Appellant.**

No. 54708.

Missouri Court of Appeals, Eastern District, Division Four.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1989.

Application to Transfer Denied May 16, 1989.

Susan Kreher Roach, Chesterfield, for defendant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Robert V. Franson, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Defendant was found guilty of one count of receiving stolen property and two counts of hindering prosecution. He was sentenced as a prior and persistent offender to fifteen years on Count I (receiving stolen property), a consecutive five years on Count II (hindering prosecution), and a concurrent five years on Count III (hindering prosecution). We affirm.

The evidence, viewed in a light most favorable to the verdict, indicates that at

approximately 9:00 a.m. on May 31, 1986 two men robbed Neil's Pawn Shop in Cahokia, Illinois. They were described as a heavyset white male, 55–60 years old, wearing tan pants and a striped shirt, and a younger black male with a full beard, moustache and shaggy hair, wearing a yellow jacket. After binding the shop clerk with silver duct tape, the two men left with jewelry, which they carried out of the shop in cheese boxes, and cash. The owner of the shop estimated the value of the stolen jewelry at approximately $30,000.00. The two men removed $1,400.00 from the cash register and $150.00 from the clerk's billfold. They let themselves out of the pawn shop, which required knowledge of the security system; it was necessary to press a buzzer before the door could be opened. They told the clerk they were familiar with the system.

The two men drove away in an older model faded silver-gray Chevrolet Impala with Missouri license number HEF–898. The car was registered to Marie Shigemura at 3236 Walter in Maplewood, Missouri.

Officer Griffin, of the Maplewood Police Department, arrived at 3236 Walter approximately one hour after the robbery and observed a Chevrolet Impala parked in the driveway. He called for assistance and was joined by Officer Canovi and Sergeant Richie. The officers approached the car, touched the hood, which was still hot, and noted that the car had been recently used because the engine was still cooling down.

Defendant came out of the house voluntarily and approached the officers. Sergeant Richie advised defendant of the robbery and asked if the car had been used that day. Defendant said "No." Sergeant Richie again asked, "You are sure it's not been used at all?" and defendant replied, "No, it's not been used all morning."

Defendant was placed under arrest. Officer Griffin handcuffed him and advised him of his *Miranda* rights. Defendant indicated he understood his rights, and he was placed inside the police car.

After defendant was placed under arrest the officers secured the area and called for a detective. During this time Officer Grif-

fin noticed that there were people inside the house looking out the windows and moving the drapes.

Detective Arnett arrived, spoke with Sergeant Richie, and then spoke with defendant. Detective Arnett asked defendant who was inside the house and defendant replied, "No one." Detective Arnett asked another question, but defendant requested a lawyer and all questioning stopped.

After some negotiation between Detective Arnett and Marie Shigemura, the two men who robbed the pawn shop came out of the house. Detective Arnett then left to obtain a search warrant which was subsequently served on Marie Shigemura. Inside the house, the officers found an open suitcase containing a pair of tan pants, a roll of gray duct tape and a yellow jacket. On the basement landing they found a weighing tray which was part of a triple beam scale used for weighing small items. They also found cheese boxes and several items of jewelry. At the conclusion of the search Detective Arnett gave Mrs. Shigemura a copy of the return and inventory.

At trial, Mr. Neil Sanders, owner of Neil's Pawn Shop, identified several of the items found in defendant's home as articles stolen from his shop. Mr. Sanders also testified that defendant had been in the pawn shop prior to the robbery. Defendant had entered Neil's Pawn Shop in late March or early April 1986. While his companion tried to pawn some silverware, defendant stayed by the door and looked around.

At the close of all the evidence the cause was submitted to the jury who found defendant guilty on all counts.

Defendant raises seventeen points on appeal. Most are not preserved and are without merit. After reviewing the entire record, we conclude that there was no error and that the rulings of the trial court which gave rise to points I, II, IV, V, VI, VII, VIII, X, XI, XII, XV, XVI and XVII were clearly correct. An extended opinion would have no precedential value. These points are, therefore, denied in accordance with Rule 30.25(b).

Defendant's point III asserts that the trial court erred in overruling his motion to suppress evidence relating to the motor vehicle because it was illegally searched and seized without a warrant. The car was seized after all suspects had been taken into custody. Defendant contends that there were no exigent circumstances which allowed this warrantless search and seizure.

An automobile may be searched without a warrant, upon facts not justifying the search of a residence or office, because of the inherently "mobile" aspect of an automobile. *Chambers v. Maroney*, 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419, 426–427 (1970). The right to search and the validity of the seizure are dependent on probable cause; a belief that the contents of the automobile offend the law. *State v. Patterson*, 624 S.W.2d 11, 14 (Mo.1981). Probable cause is more than mere suspicion. It exists where the facts and circumstances known to the police officer are sufficient to warrant a reasonable man to believe that an offense has been or is being committed. *Id.*

Officer Griffin received a dispatch which indicated that an armed robbery had taken place and that the perpetrators escaped in the subject automobile. It was reasonable to believe that the car might contain either the gun or the fruits of the robbery, or both. The fact that the car was searched at a later time is inconsequential. Delay in processing a car after a defendant's arrest is permissible. *State v. Whitehead*, 675 S.W.2d 939, 944 (Mo.App. 1984). The authority to conduct a valid, warrantless search does not vanish once the car has been immobilized. *Id.*

Defendant also argues that evidence regarding the car was irrelevant and immaterial because it tended to prove another crime for which defendant was not charged. Ordinarily the state may not introduce evidence of other criminal acts to indicate a possibility that the defendant committed the crime in question. *State v. Churchir*, 658 S.W.2d 35, 37 (Mo.App. 1983). There are times, however, when the evidence should not be rejected merely because it may tend to prove defendant guilty of some other crime. *Id.* "The relevance, and therefore the admissibility, of evidence which incidentally proves a defendant guilty of an unrelated crime, is sometimes found in the need to develop the 'complete and coherent picture' ". *State v. Wilson*, 755 S.W.2d 707, 710 (Mo.App.1988) (citations omitted).

Defendant was arrested for receiving stolen property and harboring fugitives. Evidence regarding the automobile was relevant to prove defendant's knowledge of the nature of the stolen property and the fact that the robbers were fugitives. The stolen articles were transported to defendant's home in a car belonging to his wife by two men who had just robbed a pawn shop and who were defendant's guests. A fact which tends to corroborate evidence relevant to a material issue is relevant although it may not alone be probative of an ultimate fact. *State v. Gibson*, 636 S.W.2d 956, 958 (Mo.banc 1982). The point is denied.

Defendant raises three points (IX, XIII and XIV) which assert that the evidence presented by the state was insufficient to convict him.[1] In determining the sufficiency of the evidence, we accept as true all evidence tending to prove defendant's guilt together with inferences favor-

---

1. The argument under defendant's point XIII reads as follows:

> For all the arguments as aforementioned in points I through XII and the case citations cited therein, the State failed to make a submissible case and failed to prove its case and make a prima facie case beyond a reasonable doubt. The Court therefore erred and abused its discretion in failing to sustain Appellant's Motion for Judgment of Acquittal at the close of the State's evidence.

Point XIV is substantially the same except that it pertains to a motion for judgment of acquittal at the close of all evidence.

First, defendant has waived any claim of insufficiency of the evidence at the close of the state's case because he introduced evidence on his own behalf. *State v. Turin*, 723 S.W.2d 461, 463 (Mo.App.1986). Second, we do not consider these points to be sufficiently briefed. *See* Rule 30.06. Since point IX was briefed, however, we will review the sufficiency of the evidence.

able to the state that can reasonably be drawn therefrom while disregarding all contrary evidence and inferences. *State v. Applewhite*, 682 S.W.2d 185, 186 (Mo.App. 1984).

 In establishing a prima facie case of receiving stolen property, the state must prove beyond a reasonable doubt that defendant received stolen property with the purpose of depriving the owner of his or her interest and with knowledge or belief that the property had been stolen. *State v. Gardner*, 741 S.W.2d 1, 9 (Mo.banc 1987); § 570.080.1, RSMo 1986, eff. 1/1/79.

 Defendant's knowledge of the stolen character of the goods may be inferred from the facts and circumstances in evidence. *State v. Priesmeyer*, 719 S.W.2d 873, 875 (Mo.App.1986). It is sufficient if the evidence supports a reasonable inference that defendant had possession and knowledge of the nature of the stolen goods. *State v. Taylor*, 691 S.W.2d 379, 382 (Mo.App.1985).

 The evidence here indicates that the two men who robbed the pawn shop used defendant's car and returned it to his house. Defendant was familiar with the pawn shop, its merchandise, and had observed the operation of the security system. Some of the stolen goods were found in defendant's house and defendant was evasive and untruthful when answering questions.

Unexplained possession of recently stolen property is a circumstance the jury is allowed to consider together with other facts and circumstances in the case. *Gardner*, 741 S.W.2d at 9. In addition, the giving of false, evasive or contradictory statements by the defendant, such as his denial that the car had been used on the day of the robbery and his statement that no one was in his home, are matters which may be considered in establishing knowledge. *Priesmeyer*, 719 S.W.2d at 875.

Under the requirements of § 570.080, RSMo, and after evaluating the evidence introduced by the state, both direct and circumstantial, we hold that the jury was justified in finding that defendant was in possession of the stolen goods and had the requisite knowledge or belief of their nature. The state, therefore, established its prima facie case.

All points are denied and the judgment of the trial court is affirmed.

SMITH, P.J., and SATZ, J., concur.