**Edward K. SHIGEMURA, Petitioner–Appellant,**

v.

**Michael T. GROOSE, Respondent–Appellee.**

No. 94–1762.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Jan. 13, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied March 23, 1995.*

---

* McMillian and Morris Sheppard Arnold, Circuit Judges, would grant the suggestion for rehearing en banc.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Missouri inmate Edward Shigemura, convicted as a prior and persistent offender, is serving a twenty-year prison sentence for receiving stolen property and hindering prosecution. Shigemura appeals the denial of his petition for a writ of habeas corpus. He raises one issue on appeal, namely, that the district court [1] erred in denying as procedurally barred his claim of ineffective assistance of trial counsel. We affirm.

Prior to trial, Shigemura filed a *pro se* motion for appointment of new counsel, complaining that appointed trial counsel was not attending to Shigemura's defense. He raised the issue again in a *pro se* supplement to counsel's motion for a new trial. At sentencing, Shigemura again expressed dissatisfaction with trial counsel's efforts. The trial court found probable cause to believe that he had received ineffective assistance of counsel, ordered counsel to file a notice of appeal and then withdraw, and appointed new counsel for the appeal, as required by Missouri Supreme Court Rule 29.07(b)(4). Shigemura later retained new counsel to prosecute his appeal.

Under Missouri law, claims of ineffective assistance of trial counsel must be raised by a post-conviction motion under Missouri Supreme Court Rule 29.15. *See State v. Wheat,* 775 S.W.2d 155, 157–58 (Mo. banc 1989), *cert. denied,* 493 U.S. 1030, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990).[2] In this case, Shigemura's appellate counsel pursued the direct appeal but did not file ·a Rule 29.15 motion. Six months after his conviction was affirmed, *see State v. Shigemura,* 768 S.W.2d

Jane C. Hogan, St. Louis, MO, argued for appellant.

John W. Simon, Asst. Atty. Gen., argued, for appellee.

1. The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern District of Missouri, adopting the Report and Recommendation of the HONORABLE CATHERINE D. PERRY, United States Magistrate Judge (now United States District Judge) for the Eastern District of Missouri.

2. If a Rule 29.15 motion is timely filed, the direct appeal is held in abeyance while the Rule 29.15 claims are litigated in the sentencing court. If Rule 29.15 relief is denied, and if defendant files a separate appeal from that denial, the Missouri Court of Appeals will consolidate the direct appeal and Rule 29.15 appeal. *See generally Lowe–Bey v. Groose,* 28 F.3d 816, 819 (8th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 674, 130 L.Ed.2d 606 (1994).

620 (Mo.App.1989), Shigemura filed a *pro se* Rule 29.15 motion raising numerous issues, including ineffective assistance of his trial counsel. The sentencing court denied this motion as untimely, and the Missouri Court of Appeals affirmed. Shigemura then sought federal habeas corpus relief.

█ As the district court noted, Shigemura procedurally defaulted his ineffective assistance claim by not timely raising it in state court. Therefore, his federal habeas claim is procedurally barred unless he can show cause for his default and prejudice resulting from it. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). Shigemura argues that the ineffective assistance of his appellate counsel in failing to file a timely Rule 29.15 motion is cause excusing this procedural default. However, a Rule 29.15 motion commences a collateral post-conviction proceeding that is distinct from the defendant's direct appeal. *See Lowe–Bey*, 28 F.3d at 819–20. Ineffective assistance of counsel at a post-conviction proceeding is not "cause" sufficient to overcome a procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 751–53, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991); *Foster v. Delo*, 39 F.3d 873 (8th Cir.1994) (en banc).

█ Shigemura contends that this straightforward procedural bar analysis should not apply in this case because his sentencing judge *ordered* appellate counsel to file a timely Rule 29.15 motion alleging ineffective assistance of trial counsel. Shigemura argues that this "external" factor caused him to reasonably rely on counsel to obey the court's directive, and appellate counsel was ineffective in failing to file the motion. This is not a frivolous contention. Assume that a sentencing judge suspects that a defendant received ineffective assistance of counsel at trial. The judge might address that issue through a procedure to which the Sixth Amendment right to counsel would surely attach, for example, by ordering a hearing as part of its consideration of a motion for new trial. Under present Missouri procedure, in which the sentencing judge ultimately hears any Rule 29.15 motion, it is likely that the judge would instead address this concern by ordering the immediate filing of a Rule 29.15 motion. Because the Rule 29.15 hearing in this situation would be preliminary to the direct appeal and at the direction of the sentencing judge, the Sixth Amendment right to counsel might include that proceeding, in which case ineffective assistance of counsel at that proceeding would be cause excusing at least some types of procedural bar.

However, that is not what happened in this case. At sentencing, Shigemura complained that counsel did not adequately confer with his client prior to trial and did not file the motions or undertake the discovery Shigemura had requested. The trial judge responded that Shigemura "has raised issues which produce probable cause concerning ineffective assistance of counsel, if proven." The court then issued the following written order, after reciting its terms orally at the sentencing hearing:

> The Court, having found that probable cause of ineffective assistance of counsel exists in this case, hereby ORDERS that:
>
> \* \* \* \* \* \*
>
> 2. Counsel for the defendant being required by Rule 29.07 to withdraw within ten (10) days of the judgment of conviction becoming final, [the] Special Public Defenders Office is hereby appointed to represent defendant upon said withdrawal;
>
> 3. Counsel appointed above shall perfect the appeal in this cause ...;
>
> 4. Counsel appointed above shall ascertain whether facts and grounds exist for the filing of a motion pursuant to Rule 24.035 or Rule 29.15, and, *if such facts and grounds exist*, shall timely file the appropriate motion.

(Emphasis added). Counsel's subsequent failure to file a Rule 29.15 motion did not violate this order. The court neither determined that a Rule 29.15 motion alleging ineffective assistance of counsel should be filed nor directed counsel to file that motion. The order simply implemented Rule 29.07(b)(4), which unambiguously leaves the decision whether to file a Rule 29.15 motion to new

counsel's discretion.[3] In these circumstances, the decision by Shigemura's retained appellate counsel not to commence a Rule 29.15 post-conviction proceeding—even if the product of oversight—may not constitute "cause" excusing the procedural default, and Shigemura's claim of ineffective assistance of trial counsel is procedurally barred.

The judgment of the district court is affirmed.

BRIGHT, Senior Circuit Judge, dissenting.

I dissent.

This is an egregious case of incompetence of counsel in representing a defendant in a criminal case. For the comparatively minor offenses of receiving stolen property and hindering prosecution, Shigemura is serving a twenty-year prison term.

In brief, Shigemura complained that his counsel provided ineffective assistance. The trial court essentially agreed, finding "probable cause," and the judge directed Shigemura's counsel to withdraw. The trial court further ordered that Shigemura's new appointed counsel determine the particular facts and grounds for an ineffective assistance claim and timely file the appropriate motion for post-conviction relief if such facts and grounds existed.

Counsel failed to follow the district court's order. He apparently did nothing. Under these circumstances, petitioner has shown cause and prejudice for the procedural default. This is not a case of only counsel's default. In this case, official action of the district court constituted the external factor which relieves Shigemura of the procedural default bar. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1988); *Parkus v. Delo,* 33 F.3d 933, 938 (8th Cir.1994).

The majority takes a very narrow and restricted view of the state trial judge's order. Paragraph four of the trial court's written order states:

Counsel appointed above shall ascertain whether facts and grounds exist for the filing of a motion pursuant to Rule 24.035 or Rule 29.15, and, if such facts and grounds exist, shall timely file the appropriate motion.

Op. at 252. Although the trial court may not have "ordered" or "directed" appellate counsel to file a 29.15 motion, it certainly, at least, required counsel to ascertain the merits of such a motion. Counsel did neither. Additionally, the opening of the district court's order indicates that it had "found that probable cause of ineffective assistance of counsel exist[ed]." Because counsel did nothing, this presumptive finding *still* exists.

Procedural default serves as an unwitting trap for the person who may have a just grievance for the federal courts. That artificial bar to a just resolution of disputes of this sort should not be expanded without good reason. No good reason exists here.

---

3. Unlike the dissent, we do not assume that the court "essentially agreed" that Shigemura's trial counsel had been ineffective. The judge might simply have concluded that Shigemura should have new counsel appointed for his appeal because he was unhappy with his trial counsel. A probable cause finding under Rule 29.07(b)(4) permits the appointment of new counsel for the appeal. The Rule provides in relevant part:

If the court finds that probable cause of ineffective assistance of counsel exists, within ten days of the judgment of conviction becoming final trial counsel shall withdraw and the court shall cause new counsel to be appointed if the defendant is indigent. If an appeal is filed, new counsel shall perfect the appeal. Whether or not an appeal is filed, new counsel shall be directed to ascertain whether facts and grounds exist for the filing of a motion pursuant to ... Rule 29.15. If such facts and grounds exist, new counsel shall timely file the appropriate motion.