**STATE of Missouri, Plaintiff-Respondent,**

v.

**Etzel RICE, Defendant-Appellant.**

**No. 48373.**

Missouri Court of Appeals, Eastern District, Division Three.

March 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied May 29, 1985.

John Michael Putzel, Debra Buie Arnold, Asst. Public Defender, St. Louis, for defendant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Etzel Rice appeals his conviction of illegal possession of heroin, a Schedule I Controlled Substance, § 195.020, RSMo 1978, and sentence of eight (8) years in the custody of the Missouri Department of Corrections and Human Resources. On appeal he raises two (2) Points Relied On.

We affirm.

He does not challenge the sufficiency of the evidence to support his conviction; therefore a short statement of the evidence viewed most favorably in support thereof will be sufficient.

At approximately 1:30 p.m. on June 22, 1983, near 4421 St. Louis Avenue in the City of St. Louis, Detectives Michael Fears and Russell Smith observed appellant standing near a chain link fence as they were in an unmarked police vehicle. Appellant moved his head in "a quick, hasty motion," picked up something at the bottom of the fence with his left hand, and started westwardly on St. Louis Avenue, walking behind the unmarked police car. He walked southwardly along Maffitt Avenue for a distance of about 10 to 15 feet into a vacant lot checking the contents of his left hand prior to continuing on across the lot. The detectives, who had continued following appellant during this period of time, pulled directly in front of him on Maffitt. As the detectives alighted from

the car they saw appellant drop the object he was holding in his left hand. This object, a brown paper wrapping, was picked up by Detective Fear who found that it contained 15 pink capsules which were later found to contain heroin.

Appellant's first Point Relied On is that the trial court erred in overruling defense objections to statements made by the prosecutor in closing argument which told the jury to consider appellant's prior convictions for the purpose of determining his guilt of the charge for which he was on trial.

Appellant did not testify in his own defense. His defense, however, gleaned from the record on appeal, was that he did not know that the capsules contained heroin. During the course of the trial, defense counsel called as a defense witness his probation officer who testified concerning two prior convictions for possession of heroin and one for carrying a concealed weapon. This evidence was offered by the appellant as evidence of his "state of mind," i.e., that he was trying to stay as clean as he could so he could finish his probation period successfully, and that he had something to lose and he knew at the time he was taken into custody on this offense that revocation of his probation would result in a ten and five year sentence for the two suspended sentences for which he was on probation.

■ It is the established rule in Missouri that evidence of prior convictions may not be argued by the prosecution as evidence that the accused is guilty of the crime for which he is on trial. *State v. Guernsey*, 577 S.W.2d 432, 435[2] (Mo.App.1979). The prosecution has, however, an absolute right to use prior convictions to impeach a defendant's credibility when he testifies. *State v. Morris*, 460 S.W.2d 624, 629[3] (Mo.1970); § 491.050, RSMo 1978. A prosecutor may, on the other hand, argue the evidence properly admitted in the case and may draw non-evidentiary conclusions fairly justified as inferences from the evidence. *State v. Fuhr*, 660 S.W.2d 443, 448[11] (Mo.App.1983).

To set out the argument appellant contends was prejudicial would unduly lengthen this opinion. We have read the arguments of both trial counsel and we conclude, and hold, that the prosecutor's argument was not impermissible.

■ As stated hereinbefore, the evidence of appellant's prior convictions was brought into the case by appellant for the purpose of showing a "state of mind." Appellant's trial counsel also argued that appellant could not have known that the capsule contained heroin and therefore could not be guilty of the charge. The thrust of the prosecutor's argument was that the accused, by reason of his prior convictions of possession of heroin was knowledgable about the drug; that he was an "expert" in the appearance of heroin and the capsules it came in. We believe this was, under the circumstances of this case, fair argument and not violative of the general rule that prior convictions may be referred to solely for the purpose of impeachment. We believe the prosecutor was entitled to respond in retaliation to appellant's line of argument that he lacked knowledge of the contents of the capsule, *State v. Morris*, 662 S.W.2d 884, 890[6] (Mo.App.1983), and we rule this point against appellant.

The second Point Relied On is that the trial court erred in refusing to submit MAI–CR2d 3.66 on the issue of his presence on the scene. Appellant's defense was that he had no knowledge of the character of the contents of the brown wrapper he briefly possessed.

MAI–CR2d 3.66 reads as follows:

The presence of a person at or near the scene of an offense at the time it was committed is alone not sufficient to make him criminally responsible for this offense, although his presence may be considered with all the evidence in determining his guilt or innocence.

The Notes on Use to MAI–CR2d 3.66 require the instruction to be "given if requested in proper form either by the defendant or by the state." Rule 28.01(e) provides that the failure to give the proper

instruction is error, the prejudicial effect of which is to be determined by the appellate court.

In *State v. Macon,* 547 S.W.2d 507 (Mo. App.1977) the court considered the application of this instruction which was then part of MAI–CR 2.10, and said:

[t]he second paragraph (the mere presence paragraph) is designed and intended for circumstances where the responsibility of the defendant for an act is sought to be imposed because of the conduct of others which the defendant aids and encourages. In the absence of knowingly and intentionally aiding or encouraging others or in the furtherance of the offense, mere presence is insufficient to make the defendant responsible. Thus, the second paragraph is then required. But when the defendant is a principal in the offense ... the second paragraph of MAI–CR 2.10 is not necessary.

*State v. Macon,* id., at pp. 515–516[8]

■ See also, *State v. Doebert,* 659 S.W.2d 280, 283 (Mo.App.1983) wherein this court points out that MAI–CR 2.10 supplemented MAI–CR 2.12 which was used to modify the substantive criminal instruction to account for *accessorial* liability. That instruction remained in use until the present Instruction MAI–CR2d 3.66 was approved on April 30, 1982, effective January 1, 1983. 38 Journal of Mo.Bar 311. This case came on for trial a year later, January 4, 1984. We are of the opinion, however, that MAI–CR 2d 3.66 is, as was the paragraph in former MAI–CR 2.10, required only in those cases where accessorial liability is in question.

■ That is not the case here under the evidence and there is no evidence to support the giving of the requested instruction. Under all the evidence in the case appellant was a principal, not an accessory. For these reasons we also rule this Point against appellant.

Affirmed.

DOWD, P.J., and CRANDALL, J., concur.