STATE of Missouri, Respondent,

v.

Fredrico LOWE–BEY, Appellant.

No. 55971.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 22, 1991.

Henry D. Robertson, Doris G. Black, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant appeals from his conviction on three felony counts: forcible rape, a violation of § 566.030 RSMo. (1986);[1] forcible sodomy, a violation of § 566.060; and tam-

---

1. All statutory references are to RSMo. (1986) unless otherwise noted.

pering with a witness, a violation of § 575.270.

## FACTS

On May 21, 1988 about 5:00 a.m., the victim, after an argument with her boyfriend, left his parked car and walked toward her home alone, a distance of about five blocks. She refused a ride with three males who pulled their car alongside of her. After continuing down the street, the car made a U-turn and returned. The front seat passenger jumped out of the car, grabbed the victim by the hair, pulled her into an alley, pushed her to the ground, and tore her dress. She was kicked in the side and hit across her head. The car pulled into the alley and the other two occupants got out. Someone removed her underclothes. While two of the men held her down, the man who had had her by the hair knelt over her and sodomized and raped her without ejaculating. She was able to "get a good look at him," and she heard him speak when he said, "Bitch, don't bite me."

After the attack, the victim emerged from the alley crying and calling for help. Two men living in the neighborhood assisted her. Officers Haman and Long responded to the 911 call received at 5:16 a.m. The officers found the victim's underclothes, shoes, and wallet in the alley. Shortly thereafter she was examined by a doctor at Regional Hospital where vaginal and oral smears were obtained and tested.

Late in the evening of May 21, 1988, the victim identified defendant as the person who raped and sodomized her. Defendant is a person known to the victim and her boyfriend "from the neighborhood." She identified defendant from a photo spread on May 22, 1988 and, later that day after defendant had been arrested, in a line-up.

In the late morning of June 1, 1988, the victim received a phone call at home. A man's voice threatened that she would be killed by his brother unless she dropped the charges against him. She recognized defendant's voice from the rape. Officer Stephens, who responded to a 911 call as a result of the threat, telephoned the city jail and was informed by Capt. Harris that defendant had used the jail telephone between 11:30 and 11:40 a.m.

On June 21, 1988, a grand jury indicted defendant on the three counts. The State submitted a Substitute Information in lieu of Indictment on July 25, 1988. Trial began on November 2, 1988 with defendant's motions to suppress the victim's identification evidence and to sever the tampering charge, both of which were denied. The State filed an amended Substitute Information in lieu of Indictment on November 3. After the close of evidence on November 10, 1988, the jury delivered its guilty verdict on all three counts.

On December 22, 1988, the trial court entered judgment and sentenced defendant as a prior, persistent, Class X offender to thirty-five years for Count I, thirty-five years for Count II, and fifteen years for Count III, all to run consecutively. Defendant filed a timely notice of appeal.

■ On appeal defendant alleges fourteen errors by the trial court.[2] Seven of the claimed errors were not preserved for review as required by Rule 30.20. We will reverse on grounds of a point not preserved only if we find that plain error affecting defendant's substantial rights will result in manifest injustice or a miscarriage of justice. Rule 29.12(b); *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc), *cert. denied*, —— U.S. ——, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). "The failure to make timely and proper objection, the failure to note the matter in the motion for new trial, and holding appellant to the original objection is essential to orderly review.

---

2. As a preface, we should note that defendant's brief contains multiple defects. It violates Rule 30.06(e), which requires the brief to set out in the argument the whole of any instruction challenged or allegedly incorrectly omitted by the trial court, in arguments II, III, V, VI. It violates Rule 30.06(h), which requires all statements of fact in the brief be cited with specific references to the record on appeal, in arguments III, VII, VIII, and XII. Under *State v. Cheeks*, 604 S.W.2d 30, 32 (Mo.App.1980) failure to provide references to the record should preclude review. Point XIII claims the trial court erred by not dismissing Juror 870 and Alternate Juror 810 when in fact Juror 870 was discharged and replaced by Alternate Juror 680.

Otherwise ... there will be open and notorious sandbagging of the trial courts and a virtual broadside of so-called points and subpoints, all without regard to the rules." *State v. McMillin,* 783 S.W.2d 82, 106 (Mo. banc) (concurring opinion), *cert. denied,* —— U.S. ——, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990). Defendant asks us to review points II, III, IV, V, VI, VII, and IX as plain error.

## I.

■ Defendant's first point on appeal challenges the sufficiency of the evidence. We accept as true all evidence and inferences that tend to support the verdict and disregard those to the contrary. *State v. Wahby,* 775 S.W.2d 147, 154 (Mo. banc 1989). Viewed in the light of this rule, defendant's argument, which attacks the weight of the evidence rather than its sufficiency, is without merit. The statement of facts set forth above clearly shows the evidence was sufficient to support defendant's conviction on all three counts.

## II.

■ In his second point, defendant asks us to find the trial court committed plain error in failing to give an alibi instruction. Defendant did not request such an instruction at trial nor did he assert the failure to instruct on alibi in his motion for new trial. "A trial court is under no duty to instruct on alibi unless requested to do so by defendant." *State v. Maxson,* 755 S.W.2d 277, 280 (Mo.App.1988), quoting *State v. Paige,* 446 S.W.2d 798, 807 (Mo.1969). Point denied.

## III.

■ Defendant asserts the trial court committed plain error when it failed to instruct the jury on the "complete definition" of "forcible compulsion" in MAI–CR3d 320.02.1B. The alleged defect is that the instruction fails to include all the various forms of forcible compulsion suggested by the approved instruction.

Instructions 5 and 7 defined forcible compulsion, in conformity with one of the statutory definitions required by the Notes on Use for MAI–CR3d 320.02.1B, as "physical force that overcomes reasonable resistance." They omitted other possible definitions which the statute lists in the disjunctive: "a threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping to himself or another." § 556.061(12) Because a "reasonable fear of death," "serious physical injury," or "kidnapping" were not facts before the jury, failure to include this language from the statute in the instructions neither prejudiced defendant nor constituted plain error. *State v. Fletcher,* 709 S.W.2d 924, 926–927 (Mo.App.1986). Indeed, the possible confusion that defendant warns against would be much greater had the omitted language been included. Notes on Use 3 to MAI–CR3d 333.00.

## IV.

■ Next defendant charges plain error in the admission of rebuttal testimony. Shervon Johnson, defendant's girlfriend, testified he was with her at the time of the offense. On cross-examination the State attempted to attack her credibility, suggesting she had testified on defendant's behalf because she was afraid of him. Although denying this, she admitted having been "slapped" by defendant. Further, she admitted calling the police and charging defendant with assault on one occasion after he hit her. This occurred in 1988, shortly after defendant was acquitted of an unrelated offense. She denied that the cause of this assault was her reporting to a sheriff that defendant was going to "skip on his bond" during that trial. In rebuttal, a deputy sheriff testified that Ms. Johnson had told him defendant was "going to run" which caused defendant to be confined until his acquittal. No objection was made to this rebuttal testimony.

The truthfulness of a witness and the reason motivating a witness' testimony are generally considered pertinent subjects for rebuttal evidence. *State v. Leisure,* 749 S.W.2d 366, 380 (Mo. banc 1988). In any event, the incident falls far short of demonstrating the manifest injustice or miscarriage of justice which would warrant relief

as plain error. Rule 30.20; *Hornbuckle*, 769 S.W.2d at 93. Point denied.

## V.

■ Defendant's fifth point charges trial court error in the giving of instruction seven, the State's verdict director on the sodomy count. No objection to this instruction was made at the instruction conference or in defendant's motion for new trial. The instruction has not been set forth in the argument portion of defendant's brief. Rule 30.06(e). The point has not been preserved for appellate review. *State v. Perkins*, 650 S.W.2d 339, 340 (Mo.App.1983).

Moreover, instruction seven does not deviate from the approved form of MAI–CR3d 320.08.1 in effect at the time of trial. Defendant's complaint is directed at the failure of instruction seven to define the phrase "deviate sexual intercourse." That phrase was not used, and obviously required no definition, in MAI–CR3d 320.08.1 prior to July 1, 1989, the effective date of the new sodomy instruction. The new instruction requires the jury to find the conduct of the defendant constituted deviate sexual intercourse and includes the statutory definition of that phrase. This required finding and definition were added in order to ensure that no person would be convicted of sodomy by reason of a touching which was accidental or innocent, a possibility simply not present under the evidence in this case. We find neither trial court error nor prejudice to defendant.

Defendant next contends the trial court erred in failing, *sua sponte*, to give MAI–CR3d 310.08 concerning the significance of defendant's presence at or near the telephone when the victim received the threatening phone call. Neither the defendant nor the State requested such an instruction. Defendant has not furnished us with any authority even suggesting the instruction should be given absent such request. Moreover, it has been held that the refusal to give a requested MAI–CR3d 310.08 instruction is not error except in cases of accessorial liability. *State v. Bland*, 757 S.W.2d 242, 246 (Mo.App.1988); *State v. Rice*, 689 S.W.2d 760, 763 (Mo.App.1985).

Indeed, subsequent to the trial of this case, the MAI–CR3d 310.08 Notes on Use were amended to preclude the use of that instruction except in conjunction with MAI–CR3d 304.04 relating to the defendant's responsibility for the conduct of another person.

## VII.

Defendant again seeks plain error review regarding the testimony of police officer Toenges. Called by the State in rebuttal, the officer testified that police department records showed that on June 25, 1987 officers responded to a 911 peace disturbance call at the address of Shervon Johnson. She had denied calling the police on that occasion and claimed the police officers who were at her residence came only to harass defendant. Officer Toenges' testimony was proper rebuttal as it tended to attack the credibility of Ms. Johnson. Moreover, the officer did not mention the defendant's name or implicate defendant in the alleged peace disturbance. We find no error, plain or otherwise.

## VIII.

■ Defendant's eighth point contends the indictment and the substitute information charging the offense of sodomy are fatally defective in that in both the adjective "forcible" as a modifier of "sodomy" is omitted. The form of the indictment and the substitute information conforms exactly to MACH–CR 20.08 (1987 Revision). This fact alone demonstrates the sufficiency of the pleadings. Rule 23.01(e); *McCoy v. State*, 768 S.W.2d 127, 129 (Mo.App. 1989); *Wilson v. State*, 755 S.W.2d 324, 326 (Mo.App.1988). Moreover, although the indictment and substitute information do not state defendant is charged with forcible sodomy, they do allege that he had deviate sexual intercourse with the victim "by forcible compulsion." This serves to adequately advise defendant of the offense with which he is charged. The identical argument here asserted by defendant was rejected in *State v. Raines*, 748 S.W.2d 865, 866 (Mo.App.1988). Point denied.

## IX.

■ Officer Morris testified he observed defendant using the telephone at the jail between 11:20 and 11:40 a.m. on June 1, 1988. On cross-examination by defense counsel his identification of defendant was challenged and the witness admitted he did not know all of the residents of the different floors of the jail to which he was assigned. On re-direct he was asked how he knew defendant and he replied "Fredrico has been in-and-out of the jail." Defendant's counsel did not object. However, the court promptly intervened, directing the assistant circuit attorney to explore the identification issue with "care and caution." No further corrective action was requested.

We find nothing in the record to indicate that the assistant circuit attorney deliberately solicited or anticipated an answer which would include a reference to defendant's incarceration on other occasions. The ability of the witness to recognize the defendant was first brought up by defendant's counsel and the State was entitled to dispel any doubts which may have been engendered during the cross-examination. Under the circumstances and in view of the strong evidence of defendant's guilt, we find no manifest injustice warranting reversal under the standard of plain error. *State v. Bentz*, 766 S.W.2d 453, 457 (Mo. App.1989).

## X.

■ Points X and XI of defendant's brief both attack the amended substitute information in lieu of indictment on which the case was tried. The two points shall be addressed together.

By indictment returned June 29, 1988, defendant was charged in Count I with the felony of forcible rape, in Count II with the felony of forcible sodomy, and in Count III with the class D felony of tampering with a witness. Tampering with a witness is a class C felony. § 575.270. On July 25, 1988, the State filed a substitute information in lieu of indictment incorporating the allegations of the indictment by reference and adding charges that defendant was a prior, persistent, and class X offender. The heading of the substitute information listed the rape and sodomy charges as class A felonies and the tampering charge as a class D felony. On November 1, 1988, the date the trial commenced, the State was granted leave to amend the substitute information by interlineation, striking "class A" as modifiers of the two words "felony" in the heading and changing "D" to "C" regarding the classification of the tampering charge. At the direction of the trial court, an amended substitute information was filed on November 3, 1988, in the midst of the trial. This pleading set forth in a single document the corrections to the heading, which merely listed the charges, the allegations charging the three counts, and the prior, persistent, and class X offender status of defendant. The body of the amended substitute information contained no new or different charges or factual allegations.

The listing of the charges in the heading of an indictment or information is unnecessary and may be regarded as surplusage. Moreover, the amendments in this case correcting the mistakes in the heading in no way altered the original charges or the facts constituting the offenses and could not have had any realistic effect upon the defendant's defense of misidentification and alibi.

The defendant's contention that the allegation of his status as a class X offender is fatally defective because of the omission of the abbreviation "RSMo" after the numbers of the applicable statute, § 558.019, is patently absurd. Points denied.

## VI.

Points XII and XIII relate to a single incident and shall be considered together.

■ On the morning of the last day of the trial the court was advised of an incident after adjournment the previous evening in which a juror and an alternate juror, while waiting for a bus, had been approached by a man who told them he did not think they were taking the case seriously enough. This man, who may have

been related to a defense witness, was present in court and was questioned by the court and counsel. He stated he had been observing the jurors laughing and chewing gum and so he told them at the bus stop that he did not think they were taking the case seriously enough. One of the jurors replied they were not permitted to discuss the case and that ended the conversation. The two members of the jury corroborated this description of the incident. They both stated they did not feel threatened and that the incident would have no effect upon them in deliberating upon the case. Nevertheless, the court, with the consent of both attorneys, excused these jurors and seated the last alternate juror. The court and counsel then questioned each member of the jury individually regarding knowledge of the incident. Several acknowledged hearing that something had occurred at a bus stop but none knew any of the details. All assured the court that neither the incident nor their being questioned about it would effect them in any way. The court denied defendant's motion for a mistrial.

On appeal defendant charges trial court error in failing to remove the two jurors who had been approached. This point is refuted by the record which shows they were excused.

Secondly, defendant contends the trial court erred in denying his motion for a mistrial. Declaration of a mistrial is a matter largely within the discretion of the trial court. *State v. Mitchell*, 651 S.W.2d 637, 639 (Mo.App.1983). We find no abuse of discretion here. On the contrary, the manner in which the trial court handled the unfortunate incident was admirably calculated to ensure that the case would be decided by jurors with such minimal knowledge of the incident it could not have in any way affected defendant's right to a fair and impartial jury. Point denied.

### XII.

Defendant's final point charges trial court error in overruling his pre-trial motion to suppress identification testimony. Having made no objection to the testimony when offered at trial, the defendant has failed to preserve the point for appellate review. *State v. Gillespie*, 792 S.W.2d 35, 36 (Mo.App.1990). Moreover, in his attack upon the identification, defendant points to certain inconsistencies in the description of the attacker, challenges the adequacy of the lighting and the ability of the victim to see her attacker, and the passage of several hours before she furnished the police with his name as indicating an absence of reliability. These are matters affecting the weight to be given to the testimony, not its admissibility. *State v. Miller*, 774 S.W.2d 578, 580 (Mo.App.1989). Point denied.

Judgment affirmed.

SMITH, P.J., and SATZ, J., concur.