**Frederico LOWE–BEY, Appellant,**

v.

**Michael GROOSE, Appellee.**

No. 93–2034.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1993.

Decided July 5, 1994.

---

David Thrift Butsch, St. Louis, MO, argued, for appellant.

Ronald L. Jurgeson, Asst. Atty. Gen., Kansas City, MO, argued (John W. Simon, on the brief), for appellee.

Before McMILLIAN, Circuit Judge and FLOYD R. GIBSON, Senior Circuit Judge and FAGG, Circuit Judge.

McMILLIAN, Circuit Judge.

Fredrico Lowe–Bey appeals from a final judgment entered in the United States District Court[1] for the Eastern District of Missouri denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Lowe–Bey v. Groose,* No. 4:92CV224 (E.D.Mo. Mar. 8, 1993) (memorandum and order). Petitioner asserts that the district court erred in dismissing his ineffective assistance of trial counsel claims as procedurally barred and dismissing the remaining claims on the merits. For the reasons discussed below, we affirm the judgment of the district court.

## I. BACKGROUND

Lowe–Bey is a state prisoner currently incarcerated at the Missouri State Correctional Center at Potosi, Missouri. In November 1988 Lowe–Bey was convicted by a jury in the Circuit Court of the City of St. Louis, Missouri, of forcible rape, forcible sodomy and tampering with a witness.[2] Thereafter, in December 1988, Lowe–Bey was sentenced as a prior, persistent, class X offender to thirty-five years imprisonment for the rape, thirty-five years imprisonment for the sodomy and fifteen years imprisonment for the tampering, to be served consecutively.

After his conviction and sentencing, Lowe–Bey filed a direct appeal and a post-conviction motion to vacate, set aside, or correct his convictions and sentence pursuant to Missouri Supreme Court Rule 29.15. Lowe–Bey's Rule 29.15 motion was denied without an evidentiary hearing. Lowe–Bey did not appeal the denial of Rule 29.15 relief. Meanwhile, Lowe–Bey's direct appeal had been stayed pending the outcome of the Rule 29.15

---

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

2. The facts surrounding these crimes are set forth in detail in *State v. Lowe–Bey,* 807 S.W.2d 132 (Mo.Ct.App.1991).

proceedings pursuant to Rule 29.15(*l*). Following denial of Rule 29.15 relief, Lowe–Bey proceeded with his direct appeal, and in March 1991 the Missouri Court of Appeals affirmed the conviction. *State v. Lowe–Bey*, 807 S.W.2d 132 (Mo.Ct.App.1991). In December 1991 Lowe–Bey's motion to recall the mandate was denied.

Thereafter, Lowe–Bey commenced the present action alleging nineteen grounds for federal habeas relief. The district court found that Lowe–Bey had procedurally defaulted on his claims alleging ineffective assistance of trial counsel and his remaining claims were without merit. On appeal, Lowe–Bey argues that the district court erred in dismissing his ineffective assistance claims on procedural default grounds and erred in finding that third-party comments made to the jury outside the courtroom did not prejudice his right to a fair and impartial jury.

## II. DISCUSSION

Lowe–Bey maintains that he was denied his constitutional right to effective assistance of counsel because of certain errors his trial counsel allegedly committed. Lowe–Bey argues that the district court erred in dismissing those ineffective assistance claims on grounds of procedural default. Lowe–Bey contends that, given the hybrid appellate process employed in Missouri, it was incumbent upon his direct-appeal counsel to raise the ineffective assistance claims; and that direct-appeal counsel's failure to do so constitutes cause for procedural default.

According to Missouri Supreme Court Rule 29.15(a), a person convicted of a felony who claims that his or her conviction violated his or her constitutional rights may seek post-conviction relief in the sentencing court pursuant to the provisions of Rule 29.15.[3] The ineffective assistance of trial counsel claims that Lowe–Bey raised pursuant to his Rule 29.15 motion for post-conviction relief

were rejected by the sentencing court. Lowe–Bey then failed to appeal the denial of his Rule 29.15 motion.

█ The failure to raise the ineffective assistance claims in an appeal from the denial of Rule 29.15 relief raises a procedural bar to pursuing those claims in federal court. *Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir. 1994) (citing *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir.1993)); *see also Stokes v. Armontrout*, 851 F.2d 1085, 1092 (8th Cir.1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989) (Missouri petitioner's failure to raise claim on appeal from the denial of his state post-conviction relief motion erected a procedural bar to federal habeas review of that claim). Thus, unless Lowe–Bey can show cause for the default and actual prejudice resulting from the alleged constitutional violation, his failure to appeal the denial of his Rule 29.15 motion for post-conviction relief precludes us from reaching the merits of his ineffective assistance of trial counsel claims. *Coleman v. Thompson*, 501 U.S. 722, 750–51, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (*Coleman*).[4]

Missouri has developed a complicated, hybrid scheme which consolidates the direct appeal from a criminal conviction and the civil appeal from the denial of post-conviction relief. A close examination of the hybrid, appellate process is crucial to an understanding of why Lowe–Bey's ineffective assistance of trial counsel claims must fail under the procedural default doctrine.

Pursuant to Missouri Supreme Court Rule 81.04(a), a criminal defendant is compelled to file his or her notice of appeal for a direct appeal not later than ten days after the judgment or order appealed from becomes final. Should the criminal defendant choose to raise constitutional allegations challenging his or her conviction in a state post-convic-

---

3. Effective January 1, 1988, the Missouri Supreme Court adopted Rule 29.15, which, together with Rule 24.035, repealed and replaced Rule 27.26. Rule 29.15 creates the post-conviction relief procedure for felons convicted after a trial. Rule 24.035 is the parallel procedure available to felons convicted after a guilty plea.

4. Lowe–Bey does not contend that the fundamental miscarriage of justice excuse applies. *See Sawyer v. Whitley*, —— U.S. ——, ———–——, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992).

tion relief proceeding, the Rule 29.15 motion is available.[5]

■ Following the filing of a Rule 29.15 motion, the defendant litigates his or her Rule 29.15 claims through the sentencing court while the direct appeal is held in abeyance. *See* Rule 29.15(*l*). If the sentencing court denies Rule 29.15 relief, a separate notice of appeal must be filed in the sentencing court if the defendant desires to appeal issues raised in the 29.15 motion. At that time, the Missouri Court of Appeals enters an order consolidating the direct criminal appeal and the appeal from the denial of 29.15 relief into a hybrid appeal. *Id.* However, Rule 29.15 contemplates that the direct appeal and the 29.15 appeal retain their independent identity even though consolidated. The hybrid appeal reflects two separate case numbers; two sets of legal files and transcripts are filed; the issues in the consolidated brief are separated into those raised on direct appeal and those raised in the appeal from the denial of 29.15 relief; and separate standards of review are employed by the appellate court in its examination of the issues because of the civil nature of the 29.15 appeal and criminal nature of the direct appeal of the conviction. Even though a single opinion is issued by the Missouri Court of Appeals, two separate judgments will be entered. *See, e.g., State v. Mills,* 872 S.W.2d 875 (Mo.Ct.App.1994).

In the present case, Lowe–Bey's direct appeal was held in abeyance while he litigated his Rule 29.15 collateral proceeding in the sentencing court. After the sentencing court denied Rule 29.15 relief, no separate notice of appeal from the denial of Rule 29.15 relief was filed in sentencing court. As a result of the failure to pursue a post-conviction appeal, no hybrid appeal process ensued. Only a direct appeal followed.

■ Lowe–Bey first argues that the requisite "cause" can be shown by the failure of his direct-appeal counsel to raise his claims of ineffective assistance of trial counsel contained in his Rule 29.15 motion on direct appeal.[6] *See Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 835–36, 83 L.Ed.2d 821 (1985) (inmate entitled to effective assistance of counsel for direct appeal as of right). We disagree. In Missouri, ineffective assistance of trial counsel claims cannot be raised on direct appeal, even where the record is sufficient to permit review, and may only be raised in a Rule 29.15 proceeding. *State v. Wheat,* 775 S.W.2d 155, 157–58 (Mo.1989) (en banc), *cert. denied,* 493 U.S. 1030, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990).

■ Alternatively, Lowe–Bey argues that his direct-appeal counsel was ineffective for failing to file a notice of appeal from the denial of Rule 29.15 relief and consolidate the Rule 29.15 appeal with Lowe–Bey's direct appeal. We disagree. In our view, the obligation, if any, to file a separate notice of appeal challenging the denial of Rule 29.15 relief rested with Lowe–Bey's post-conviction relief counsel. No Missouri rule of appellate procedure or criminal procedure relieves post-conviction relief counsel of his or her duties before the time arrives for filing the notice of appeal challenging the denial of Rule 29.15 relief. Lowe–Bey is, in effect, asserting omissions of post-conviction relief counsel as "cause" for procedural default. This contention must be rejected in light of the Supreme Court's decision in *Coleman,* 501 U.S. at 752–53, 111 S.Ct. at 2566 (holding that because there is no constitutional right to counsel in state post-conviction proceedings, deficient performance of counsel in such proceedings cannot constitute cause to excuse procedural default).

5. Rule 29.15(b) states, in pertinent part:
    A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form 40. If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04. If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15.

6. Lowe–Bey was represented by three separate attorneys during trial, post-conviction relief proceedings, and direct appeal.

We note that it is only *after* the notice of appeal is filed challenging the denial of Rule 29.15 relief that the direct appeal and Rule 29.15 appeal are consolidated. After consolidation, direct-appeal counsel is afforded the opportunity to raise claims contained in the Rule 29.15 motion. Thus, Lowe–Bey's direct-appeal counsel had no involvement with the Rule 29.15 claims at the point at which Lowe–Bey procedurally defaulted on them.[7] Moreover, Rule 29.15(*l*) provides that, if the Rule 29.15 motion for post-conviction relief raises claims of ineffective assistance of trial counsel, post-conviction relief counsel, not direct-appeal counsel, must handle the hybrid appeal. It is clear that Rule 29.15 contemplates that post-conviction relief counsel should address and be responsible for the appeal of claims of ineffective assistance of trial counsel. Furthermore, even if Lowe–Bey's direct-appeal counsel had handled a hybrid appeal, Lowe–Bey would only have been entitled to effective assistance of counsel on that portion of the hybrid appeal that was devoted to direct-appeal issues because he has no right to effective assistance of counsel on that portion of the hybrid appeal devoted to the appeal of his Rule 29.15 claims. *Coleman,* 501 U.S. at 752–55, 111 S.Ct. at 2566–68.

■ Thus, insofar as Lowe–Bey's direct-appeal counsel was not ineffective for failing to raise the Rule 29.15 ineffective assistance of trial counsel claims on direct appeal, petitioner has failed to provide cause for his procedural default. Because petitioner showed no cause for his default, we need not address the issue of actual prejudice. *See Engle v. Isaac,* 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 1575 n. 43, 71 L.Ed.2d 783 (1982).

Lowe–Bey next argues that the district court erred in finding that third party comments made to the jury outside the courtroom did not prejudice his right to a fair and impartial jury. We disagree.

The record shows that a relative of a defense witness approached one juror and one alternate juror at a bus stop and chastised them for their seeming lack of attention during trial. With consent from both attorneys, the state trial court excused the juror and the alternate juror and seated the remaining alternate juror. The state trial court and both attorneys then questioned each member of the jury individually regarding their knowledge of the incident. Several jurors acknowledged hearing that some incident had occurred at a bus stop, but no juror knew any details. Each member of the jury stated that neither the incident nor the questioning regarding the incident would affect their ability to sit as fair and impartial jurors.

■ Lowe–Bey alleged on direct appeal that the state trial court erred in failing to declare a mistrial. The Missouri Court of Appeals held that the state trial court had not abused its discretion and stated that the state trial court had handled the incident in a manner "admirably calculated to ensure that the case would be decided by jurors with such minimal knowledge of the incident that it could not have in any way affected [Lowe–Bey's] right to a fair and impartial jury." *State v. Lowe–Bey,* 807 S.W.2d at 138. The issue of a jury's partiality is a question of historical fact. *Patton v. Yount,* 467 U.S. 1025, 1036, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847 (1984). As such, under 28 U.S.C. § 2254(d), a state court's findings on jury partiality are entitled to a statutory presumption of correctness. *Patton v. Yount,* 467 U.S. at 1037–40, 104 S.Ct. at 2891–93; *Prewitt v. Goeke,* 978 F.2d 1073, 1076–77 (8th Cir.1992) (statutory presumption applied to finding of extraneous influences on jury). We agree with the district court that Lowe–Bey has failed to offer any evidence to overcome the statutory presumption.

Accordingly, we affirm the judgment of the district court.

---

7. Missouri Supreme Court Rule 81.07(a) allows an attorney to file a notice of appeal from the denial of Rule 29.15 relief out of time. Although Lowe–Bey's direct-appeal counsel may have had an opportunity to file such a notice of appeal, we do not believe direct-appeal counsel had an obligation to do so. As discussed in the text, we believe that, under Rule 29.15, post-conviction relief counsel is responsible for filing the notice of appeal from the denial of Rule 29.15 relief.