STATE of Missouri, Respondent,

v.

Scott LONG, Appellant.

No. 68016.

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 1996.

Gary E. Brotherton, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jill C. LaHue, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Scott Long appeals jury verdict in which he was found guilty of second degree burglary, § 569.170 RSMo 1986, and felony stealing, § 570.030 RSMo 1986. The court sen-

tenced Long to five years on each count, to be served concurrently. He argues the court erred in failing to instruct the jury on an alibi defense and in failing to declare a mistrial, sua sponte, during the state's closing argument because the state asked jurors to find an inappropriate inference regarding the calling of certain witnesses. We affirm.

Counts I and II of the information, charged Long with burglary second degree, § 569.170 RSMo 1986 and stealing, at least $150, § 570.030 RSMo 1986, from Thoenen's Sporting Goods and Deborah Thoenen on or about December 31, 1993. Counts III and IV charged burglary second degree, from Pilcher's Jewelry Store, on or about December 12, 1993. Counts I and II were subsequently severed from Counts III and IV. We review after sentence on Counts III and IV which followed guilty verdicts. The state offered testimony of three witnesses who linked Long to the burglary at Pilcher's Jewelry. The sufficiency of the evidence is undisputed. Long and his fiance testified he was at a party during the time of the alleged burglary, hence, he had an alibi. However, no alibi instruction was requested or given.[1]

On cross-examination, Long testified regarding the people at the party as follows:

Q. At the party JoJo was there playing music, right?

A. Right.

Q. And Kendra Jackson, is that whose party it was?

A. She was having the party for her mother. It was her mother's birthday party.

Q. And there was someone there named Jackie?

A. Yes, Jackie Toalson [phonetic].

Q. Do you remember anybody else that was there?

A. I remember a lot of people that was [sic] there. There was [sic] about fifty people there.

Q. Did you know these people?

A. Yeah, it was people from the neighborhood.

Q. Were some of these people your friends?

A. Most of them. They've known me since I was small. Most of them was [sic] older people.

Q. Would it be fair to say that most of those people would be able to vouch for the fact that you were at that party almost all evening long up until early morning?

A. I believe, if they was [sic] asked. I don't know if they was [sic] asked or not. To my recollection they should be able to, yes.

In closing argument, the prosecutor pointed out most people at the party were Long's friends he had known most of his life. Yet Long called none of the party-goers to testify. He argued, "You can assume that the reason they weren't called was because they would not have anything helpful to say for the defendant."

Long raises two points on appeal. He contends the court plainly erred by failing, sua sponte, to instruct the jury on an alibi defense and by failing, sua sponte, to declare a mistrial during the state's closing argument. Long preserved neither point at trial nor in his new trial motion. We find no error, plain or otherwise.

"Relief under the plain error rule is granted only when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988)." *State v. Hadley,* 815 S.W.2d 422, 423 (Mo. banc 1991). "Plain error is evident, obvious and clear error." *State v. Bailey,* 839 S.W.2d 657, 661 (Mo.App. W.D. 1992).

In his first point, he contends the court plainly erred in failing to instruct the jury on appellant's alibi defense.

"A trial court is under no duty to instruct on alibi unless requested to do so by defendant. *State v. Maxson,* 755 S.W.2d 277,

---

1. In his brief, Long asserts MAI–CR3d 308.04 should have been given to the jury as an instruction.

280 (Mo.App.1988)(*quoting State v. `Paige,* 446 S.W.2d 798, 807 (Mo.1969)).&quot; *State v. Lowe–Bey,* 807 S.W.2d 132, 135 (Mo.App. 1991).

■ Here, Long did not request an alibi instruction. The court was not required to give the defense instruction unless requested. The instruction was, therefore, an option of the defendant, not a requirement for the Court. The failure to submit defendant's theory of defense did not deny him his right to a fair trial. In the absence of the instruction, the alibi evidence, if believed by the jury, could have supported a defendant's verdict on the state's verdict directing instruction. Point denied.

In his second point, he contends the court plainly erred in failing to declare a mistrial, sua sponte, during the prosecution's closing argument. He argues the prosecutor asked jurors to find an inappropriate inference in Long's failure to call alibi witnesses because they were equally available to the state.

■ If the defendant fails to call a witness, who would reasonably be expected to testify in defendant's favor, the prosecutor may comment on defendant's failure. *State v. Robinson,* 752 S.W.2d 949, 953 (Mo.App. 1988).

> If a witness can be expected to testify favorably to a party, he is peculiarly available to that party, and the failure to call that witness gives rise to the inference that his testimony would actually have been unfavorable rather than favorable. Such an inference may not arise and may not be argued if the witness is equally available to the defendant and the state. The term &quot;equally available&quot; means more than susceptibility to process ... and is resolved by considering three factors: (1) the one party's superior ability to know or identify the witness, (2) the nature of testimony that the witness may be expected to give, and (3) the relationship between the particular party and the witness which indicates that the witness would be more likely to testify more favorably for one party than another. (Citations omitted). *Id.*

■ Here, Long and his fiance contradicted the testimony of the state's witnesses by testifying he was at the party during the time Pilcher's Jewelry was burglarized. The favorable testimony of his longtime friends at the party could have been beneficial to him. It may be inferred he would have called them to testify if they would have corroborated his testimony. Because of their friendship with him, the party-goers were likely to testify more favorably for Long than for the state. The record supports no factual explanation that his friends were unavailable. Thus, they were peculiarly available to Long and were not equally available to the state. The prosecutor was not barred from asking the jury to infer Long would have called them except that their testimony would not have been helpful. The defense made no objection to the prosecutor's argument. We find no error and no manifest injustice. Point Two denied.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.