# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2867

_____

Clifford S. Miller,                                    *
                                                       *
                Appellant,          *
                                                       *
                                                       *   Appeal from the United States
     v.                                          *   District Court for the Western
                                                       *   District of Missouri.
Mike Kemna, Superintendent; Jeremiah   *
(Jay) Nixon, Attorney General of the      *          [PUBLISHED]
State of Missouri,                                 *
                                                       *
                Appellees.          *

_____

Submitted:  March 15, 2000

Filed:  April 3, 2000

_____

Before HANSEN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Clifford S. Miller shot a woman while abducting her, raped her at gunpoint, and struck her in the head with his gun.  The woman later identified Miller as her attacker and after a trial, a Missouri jury convicted him of forcible sodomy, assault, kidnaping, and armed criminal action.  Miller filed a motion for postconviction relief, see Mo. S. Ct. R. 29.15, and the Missouri trial court denied the motion. In a consolidated proceeding, the Missouri Court of Appeals affirmed both Miller's conviction on direct appeal and the denial of postconviction relief.  See State v. Miller, 935 S.W.2d 618,

619 (Mo. Ct. App. 1996). Miller next filed this federal habeas petition raising many claims of trial court error, prosecutorial misconduct, and ineffective assistance of trial counsel. Of the twenty-eight claims, the district court concluded twenty-seven of them were procedurally defaulted because Miller had failed properly to raise them in state court. The district court held Miller failed to show cause to excuse the default or his probable actual innocence to warrant consideration of the claims' merits. As for the preserved claim, Miller asserted his trial attorney's assistance was constitutionally deficient because the attorney failed timely to endorse an alibi witness for the defense, and the witness was not permitted to testify at Miller's trial. The district court rejected the claim on the merits because Miller gave the attorney the wrong last name for the witness. See id. at 624-25.

On appeal, Miller asserts the district court should have considered many of the issues the court deemed defaulted. According to Miller, his other ineffective assistance of trial counsel claims are not procedurally barred because his appellate attorney refused to raise the ineffective assistance of trial counsel claims on appeal, and Miller raised them in his pro se motion to recall the mandate in the only context appropriate there, the ineffective assistance of appellate counsel. See Nave v. Delo, 62 F.3d 1024, 1031 (8th Cir. 1995).

To preserve a claim for federal habeas review, a petitioner must raise both the factual and legal basis for each ineffectiveness of counsel claim in the state courts. See Flieger v. Delo, 16 F.3d 878, 884-85 (8th Cir. 1994). Here, the legal theories raised in the motion to recall the mandate (ineffective assistance of appellate counsel) and in the federal habeas petition (ineffective assistance of trial counsel) are different. Thus, Miller procedurally defaulted his ineffective assistance of trial counsel claims.

Although he did not raise his claims of ineffective assistance of appellate counsel in the district court, Miller contends we should consider them anyway because he filed his habeas petition without the help of an attorney. While we liberally construe a pro

-2-

se habeas petition, see Frey v. Schuetzle, 78 F.3d 359, 361 (8th Cir. 1996), we do not require a district court to recognize an unarticulated argument, see Mack v. Caspari, 92 F.3d 637, 640 (8th Cir. 1996). Miller's habeas petition contains no mention of appellate counsel, so we conclude the ineffective assistance of appellate counsel issue was not adequately raised in the district court to permit our review. See id. Miller also asserts he had a constitutional right to counsel in postconviction proceedings. This assertion is contrary to the Supreme Court's decision in Coleman v. Thompson, 501 U.S. 722, 752 (1991), and our decision in Lowe-Bey v. Groose, 28 F.3d 816, 818-19 (8th Cir. 1994). We thus decline to consider Miller's claims that he was denied effective assistance of counsel on appeal and in posttrial proceedings, and affirm the district court's dismissal of Miller's habeas petition.

HEANEY, Circuit Judge, concurring.

While I agree that this case is controlled by Coleman, I write separately to emphasize the Hobson's choice that a Missouri inmate in Miller's position is forced to make.

In appealing the denial of his petition for postconviction relief under Missouri Rule of Criminal Procedure 29.15, Miller sought to raise several issues that his attorney considered to be without merit. The Missouri Court of Appeals would not accept a pro se brief raising those issues. See Mo. Ct. App. E.D. R. 380. However, any issues Miller failed to raise before the Missouri Court of Appeals would be deemed procedurally defaulted. See Lowe-Bey v. Groose, 28 F.3d 816, 818 (8th Cir. 1994). Coleman dictates that such a procedural default cannot be excused based on ineffective assistance of counsel because Miller had no constitutional right to effective representation in his Rule 29.15 appeal. See Coleman v. Thompson, 501 U.S. 722, 755 (1991).

To preserve the issues in question for federal habeas review, Miller was thus forced to choose between (1) continuing to be represented by the attorney appointed for him and irrevocably defaulting the issues in question; (2) dismissing his appointed attorney and proceeding to argue without the assistance of counsel both the issues his attorney considered viable for appeal and those considered meritless; or (3) attempting to obtain private counsel who would argue the issues Miller wanted to raise. Miller's choice was complicated by the fact that under Missouri's consolidated appeal procedures, the attorney handling his Rule 29.15 appeal was the same attorney providing constitutionally-mandated counsel in his direct appeal. Thus, the prospect of discharging his Rule 29.15 appeal counsel was problematic at best.

While I recognize that Miller had no right to counsel in his Rule 29.15 appeal, it seems to me that Missouri's consolidated appeal process and the appellate court's refusal to entertain pro se filings from represented parties forced Miller into the untenable position of having to choose between firing his Rule 29.15 appellate counsel, thereby possibly hobbling his direct appeal, and circumscribing any future habeas claims to maximize his chances on direct appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-