# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2610

_____

| | | |
|---|---|---|
| Valentino Maghee, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| John Ault, Warden, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:   March 10, 2003

Filed:   April 30, 2003

_____

Before McMILLIAN, FAGG, and LOKEN,[*] Circuit Judges.

_____

PER CURIAM.

Valentino Maghee, an inmate on work release at the Marshalltown Residential Facility in Marshalltown, Iowa, appeals the district court's[**] denial of his 28 U.S.C. § 2254 habeas petition.  Maghee contends the district court should have excused his

_____

[*]The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

[**]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

failure to exhaust state remedies because initiating state postconviction proceedings in the absence of appointed counsel would have been futile. Having reviewed the district court's findings of fact for clear error and its conclusions of law de novo, we affirm the district court. Hall v. Luebbers, 296 F.3d 685, 692 (8th Cir. 2002) (standard of review).

First, although Maghee asserts that he failed to pursue his habeas claims in state postconviction proceedings, this is not the case. Even though Maghee could not pay the filing fee, the county clerk's office opened a case file for Maghee's postconviction relief claims, and the state responded to Maghee's claims. On July 12, 2002, the state trial court denied Maghee's application for postconviction relief. Because Maghee did not appeal the July 12 judgment within the thirty-day limit established by state law, the district court properly concluded Maghee failed to exhaust state postconviction remedies. Maghee's habeas petition is barred for this reason. 28 U.S.C. § 2254(b)(1)(A) (2000).

Second, even if Maghee had not pursued his claim through state postconviction proceedings, Maghee would not be entitled to an exception to the exhaustion requirement based on his assertion that initiating postconviction proceedings without the assistance of appointed counsel is "a waste of time." See 28 U.S.C. § 2254(b)(1)(B)(ii) (state prisoner need not exhaust state remedies if "circumstances exist that render [state] process ineffective to protect the rights of the applicant"). Maghee has not shown the absence of counsel made the state process ineffective in his case. Although Maghee's habeas claims might have been better presented in the state court if he had the benefit of counsel, the absence of appointed counsel at that stage of the proceedings does not violate Maghee's federal constitutional rights, Miller v. Kemna, 207 F.3d 1096, 1097 (8th Cir. 2000) (per curiam), or even his state constitutional rights, Maghee v. State, 639 N.W. 2d 28, 30 (Iowa 2002).

We thus affirm the district court's denial of habeas relief. We also grant Ault's motion to supplement the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.