# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2049

_____

Louis Curtis Townsell

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Corrections, originally
identified as Ray Hobbs

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: February 21, 2017
Filed: March 1, 2017
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Louis Townsell was convicted in Arkansas state court of attempted second-degree murder, arson, and second-degree domestic battering. He appeals the district

court's[1] denial of his 28 U.S.C. § 2254 petition. The district court issued a certificate of appealability on Townsell's claim that his direct appeal counsel was ineffective for failing to argue that the trial court erred by refusing to instruct the jury on aggravated assault as a lesser-included offense of attempted capital murder, the crime for which Townsell was charged. Townsell raised the claim in his state motion for postconviction relief under Ark. R. Crim. P. 37, and the Rule 37 court dismissed the motion but issued a letter rather than a formal written order. Townsell did not appeal, and he argued in his section 2254 petition that the absence of a final order from which to appeal constituted cause for the procedural default. He also argued that the Rule 37 court made misleading remarks indicating it lacked jurisdiction over the claim, which discouraged him from appealing.[2] We affirm.

We agree with the district court that Townsell did not show cause to excuse the default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (where procedural default has occurred, petitioner must show cause for default and actual prejudice, or actual innocence). We conclude that comments by the Rule 37 court regarding its jurisdiction did not constitute cause for Townsell's failure to appeal, cf. Clemons v. Delo, 124 F.3d 944, 947 (8th Cir. 1997) (mistakes by postconviction counsel cannot constitute cause); Lowe-Bey v. Groose, 28 F.3d 816, 819 (8th Cir. 1994) (deficient performance of counsel in postconviction proceedings cannot constitute cause); Stanley v. Lockhart, 941 F.2d 707, 709 (8th Cir. 1991) (movant's pro se status and limited educational background do not constitute cause); and that Townsell was not prevented from appealing, as he could have sought a final order from the Rule 37 court if a formal order was needed, or proceeded on a petition for a writ of mandamus

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

[2]As it does not fall within the scope of the certificate of appealability, we do not address Townsell's double-jeopardy claim.

to the Arkansas Supreme Court.  See Barrow v. State, 2012 Ark. 197, 2012 WL 1631806 (Ark. May 10, 2012) (remanding case with instructions to circuit court to enter written findings of fact and conclusions of law in accordance with Rule 37.3); Myers v. McCall, 2012 Ark. App. 669, 2012 WL 5949349 (Ark. Ct. App. Nov. 28, 2012) (noting that remedy is writ of mandamus from Arkansas Supreme Court, if appellant "for any reason" is unable to obtain final order from circuit court).

The judgment is affirmed.

_____