# UNITED STATES COURT OF APPEALS
## For the Eighth Circuit

_____

## No. 97-2962MN

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Manuel Lawson, | * | of Minnesota. |
| | * | |
| Appellant. | * | |

_____

Submitted: May 13, 1998
Filed: September 11, 1998

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, Circuit Judges, and
    LAUGHREY, District Judge.[1]

_____

LAUGHREY, District Judge.

Manuel Lawson appeals from the denial of his habeas corpus petition which challenged the revocation of his parole by the United States Parole Commission. Lawson claims that his writ of habeas corpus should have been granted because there

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

is no evidence to support the Parole Commission's finding that Lawson solicited another to commit bank robbery and because the charge of solicitation was not made until two years after his arrest. We affirm the judgment of the district court denying habeas corpus relief.

On February 7, 1994, Lawson was paroled from a twenty-five-year sentence which he was serving for bank robbery. Within a month of his release from prison, he left his district of supervision and traveled to Tennessee where he told a friend, Bobby Powers, that he was planning to rob a bank. As part of this robbery plan, Lawson asked Powers to purchase a shotgun for him. Lawson's conversation with Powers was taped by the F.B.I.,[2] and Lawson was subsequently arrested and charged with violating parole by conspiring to commit a bank robbery. At the hearing on this charge, Bobby Powers testified and the tape recording of Lawson's statements and a transcription of the tape recording were introduced into evidence.[3] Based on this evidence, the hearing examiner concluded that there was no conspiracy to commit a bank robbery because the person solicited by Lawson to buy the gun was a government informant and could not be a co-conspirator. Instead, the hearing examiner found that there had been an attempt to commit bank robbery and recommended revocation. The Parole Commission adopted this recommendation and revoked Lawson's parole. The revocation was appealed to the National Appeals Board which ruled that Lawson had not attempted to rob a bank because he had committed no overt act. Nonetheless, the National Appeals Board affirmed the Parole Commission's revocation, finding that Lawson violated the terms of his parole by attempting to possess a shotgun as a felon.

---

[2]Powers had contacted the F.B.I. and had given them permission to record his meetings with Lawson.

[3]There was also testimony from the government agents who investigated this incident, including a statement by Power's brother, Scotty, that Lawson had asked Scotty to assist him in robbing a bank. (Appellant's App. to Br. at 43a. )

Lawson challenged the National Appeals Board's ruling by filing a writ of habeas corpus in the United States District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. § 2241. While the Writ was pending, the National Appeals Board vacated the revocation of Lawson's parole and remanded for a new hearing.[4] At this hearing, the Parole Commission again found that Lawson had violated his parole by leaving his supervision district, but additionally ruled that he had solicited another person to commit a bank robbery. Lawson was sentenced to 76 months in prison with a presumptive parole date of July 2, 2002. A second writ of habeas corpus followed, the denial of which prompted this appeal.

Lawson's second writ of habeas corpus was filed pro se, pursuant to 28 U.S.C. § 2241. The United States District Court for the District of Minnesota appointed an attorney to represent Lawson, and the following claims were raised as grounds for habeas corpus relief: 1) the Commission violated the due process and double jeopardy clauses of the United States Constitution; 2) the Commission violated its own rules; 3) the Commission's findings were arbitrary and capricious; 4) the Commission's actions were vindictive; and 5) there existed compelling reasons for a more lenient sentence. On appeal, Lawson now claims two grounds for relief: 1) his due process rights were violated because the Commission did not charge him with the offense of soliciting another to commit bank robbery until two years after his arrest, thereby preventing him from developing his defense; and 2) the Commission's finding that Lawson solicited another to commit a crime of violence was not supported by the evidence.

The United States argues that Lawson has waived his asserted grounds for appeal because he did not raise them in the district court. Generally, issues not presented to the district court will not be considered on appeal unless a finding of

---

[4]After the National Appeals Board ordered a new hearing, the district court dismissed Lawson's first writ of habeas corpus, finding that Lawson had failed to exhaust his administrative remedies.

waiver would be unfair or unjust. *Seniority Research Group v. Chrysler Motor Corp.*, 976 F.2d 1185 (8th Cir. 1992); *United States v. Grajales-Montoya*, 117 F.3d 356 (8th Cir. 1997); *see also Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

Lawson claims that his due process claim based on the delay in charging has been preserved for appeal because it was raised before the Parole Commission, and in his pro se writ of habeas corpus, and was addressed in the Magistrate Judge's Report and Recommendation. The record does not support this conclusion. Lawson relies on the following statement by a Parole hearing officer to show that the issue was raised in the revocation hearing.

> [Lawson's attorney] also said that there is a question of whether or not the Commission can conduct a hearing, make a decision and then modify that decision at a later date and now again consider modifying the decision again in relation to the offense behavior. He referred to various legal terminology that refers to this activity but it, in a layman's term, would be kind of like casting around to see what might stick.

(Appellant's Br. at 11, n.2.) At best, this shows that Lawson's attorney was challenging the revocation on a number of unstated grounds. It does not demonstrate that one of those grounds was a due process violation based on his inability to collect evidence because of the delay in charging. Lawson also claims that this issue was raised in his second writ of habeas corpus. The second writ of habeas corpus, however, merely says that Lawson is challenging the "Parole Board's finding that I solicited Bank Robbery." (Appellant's App. to Br. at 91a.) This does not show that the due process claim now raised on appeal was asserted in the court below. Finally, Lawson claims that this issue was addressed in the Magistrate's Report and Recommendation, but then also argues that the Magistrate did not take into account his delay and prejudice contention and, therefore, the issue must be resolved on appeal.

We have examined the record carefully and have found no evidence that Lawson has ever presented to the district court his current argument that his due process rights were violated because the two-year delay in charging prevented him from adequately preparing a defense. Because this issue was not presented to the district court, the record does not "contain the finding[s] necessary to an evaluation of the validity of [the] appellant's arguments." *Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir. 1986) (holding that one of the reasons that an issue should not be considered on appeal if it has not been considered in the lower court is that the record will generally not contain the findings necessary to evaluate the appellant's argument.) Nor has there been an opportunity for the appellee to present evidence on the question of whether a delay has, in fact, prejudiced Lawson.[5] *See von Kerssenbrock-Praschma v. Saunders*, 121 F.3d 373, 376 (8th Cir. 1987) (holding that "a litigant should not be surprised on appeal by a final decision there of issues upon which they had no opportunity to introduce evidence.)

Finally, this is not a case where an injustice would occur or principles of fairness would be violated by finding that the particular due process claim now asserted for the first time on appeal has been waived. An attorney was appointed to represent the appellant after he filed a pro se writ of habeas corpus, and there is simply no explanation as to why this issue was not preserved, given the extensive briefing and argument before two district courts, the National Appeals Board and the Parole Commission.

On the other hand, we find that Lawson has adequately preserved for appellate review his claim that his due process rights were violated because there was insufficient

---

[5]To establish his due process claim based on delay in charging, Lawson would have to show that he was prejudiced by the Commission's failure to pursue the solicitation charge in a timely fashion. *White v. United States Parole Comm'n*, 856 F.2d 59 (8th Cir. 1988).

evidence to support the Commission's finding that he had solicited another to rob a bank. While the United States claims that this issue was not preserved for appeal, even it acknowledges that Lawson did present to the district court his claim that there was insufficient evidence to support a charge of <u>conspiracy</u> to commit bank robbery. (Appellee's Br. at 11.) Furthermore, the Magistrate, in his Report and Recommendation, specifically held that there was sufficient evidence to support the charge of solicitation to commit bank robbery. Given this record, it cannot be said that the issue has not been adequately preserved for review. Nonetheless, the restrictive standard of review applicable to a parole revocation decision precludes consideration of the issue on jurisdictional grounds.

We have previously held that a federal court does not have jurisdiction to review a substantive decision of the Parole Commission. A district court is only permitted to determine whether the Parole Commission has violated the Constitution or exceeded its statutory authority. *Jones v. United States Bureau of Prisons*, 903 F.2d 1178, 1182-83 (8th Cir. 1990); *Larson v. United States*, 907 F.2d 85, 86-87 (8th Cir. 1990). We have specifically ruled that challenges to the sufficiency of the evidence to support a revocation order is a substantive matter and non-reviewable. *Wright v. United States Parole Comm'n*, 948 F.2d 433, 435 (8th Cir. 1991). The district court, therefore, lacked jurisdiction to review the sufficiency of the evidence to support the Parole Commission's finding. The judgment of the district court is affirmed.

A true copy.

      Attest:

           CLERK. U.S. COURT OF APPEALS, EIGHTH CIRCUIT.