# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2462NI

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   On Appeal from the
     v.                            *   United States District Court
                                   *   for the Northern District
                                   *   of Iowa.
Joseph E. Navin,                   *
                                   *
          Appellant.               *

_____

Submitted: January 28, 1999

Filed: March 25, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Joseph E. Navin brought this case in the District Court under 28 U.S.C. §2255, seeking to set aside his conviction of a firearms offense under 18 U.S.C. §924(c). The District Court dismissed the petition, and Navin filed a notice of appeal. The District Court then granted Navin's application for a certificate of appealability, but limited the certificate to one issue: whether a sufficient factual basis existed to support the conviction.

Navin has now filed his brief in this Court. The brief argues not only the issue on which the District Court granted a certificate, but also two other issues. The United States has moved to strike those portions of the brief that relate to the two other issues, arguing that no appeal properly lies as to those issues because they were not included in the certificate of appealability.

Navin's petition was filed in the District Court before April 24, 1996, the date of the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Section 102 of that Act requires that a certificate of appealability be issued before an appeal can be taken from a final order in a proceeding under 28 U.S.C. §2254 or §2255. Section 102 has now been codified as 28 U.S.C. §2253(c)(1). The statute provides that such certificates may be issued only as to questions on which a substantial showing of the denial of a constitutional right has been made. Further, the court or judge issuing the certificate must specify the issues on which it has been granted. This is what the District Court did in its order. As we have noted, it granted the certificate only as to one issue, and denied it as to others, including the two additional points that appellant now seeks to argue in his brief.

In Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997), we held that the new certificate-of-appealability requirement applied to cases that were filed before the enactment of the new statute, but in which the notice of appeal, the event that triggers the certificate-of-appealability requirement, was filed after that date. In Tiedeman, however, the petition was filed under §2254 by a prisoner in state custody. The petition now before us was filed under §2255 by a prisoner in federal custody. One of the principal reasons we gave in Tiedeman for holding that the new requirement applied in cases initiated before the Act, but appealed after enactment, was that the

change in procedure was not very different from pre-existing law, under which prisoners in state custody wishing to appeal the denial of postconviction relief had to obtain a certificate of probable cause. We said, among other things, "that the new provisions with respect to certificates of appealability made no substantive change in the standards by which applications for such certificates are governed." 122 F.3d at 521.

Cases under §2255 are different in a crucial respect. Before the 1996 change in the law, a prisoner who lost a §2255 case in the district court could appeal as of right to the court of appeals. He did not need any kind of certificate, whether of probable cause or of appealability. Thus, it cannot be said here, as it was in Tiedeman, that the change in the law was merely formal. Accordingly, we hold that the rule of Tiedeman does not apply to §2255 cases, and that cases initially filed under that section before the date of enactment of the new law are not subject to a certificate-of-appealability requirement. Such cases fall, instead, within the general rule laid down by the Supreme Court in Lindh v. Murphy, 117 S. Ct. 2059 (1997), which held that the amendments made by the new statute to Chapter 153 of Title 28 (including the part of the statute that is at issue in this case), generally speaking, are prospective only.

It follows that Navin, whose petition under 28 U.S.C. §2255 was initially filed in the District Court before April 24, 1996, did not need a certificate of appealability in order to appeal to this Court from a judgment entered after that date. Therefore, the new statute does not affect Navin's right to argue in his brief issues not included in the certificate. The motion of the United States to strike portions of the brief is denied.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.