# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

————————

No. 98-3999

————————

Adam Warner Dejan,                          *
                                            *
    Appellant,                             *
                                            *   Appeal from the United States
v.                                          *   District Court for the
                                            *   District of Minnesota.
United States of America,                   *
                                            *
    Appellee.                              *


————————

Submitted:  October 19, 1999
    Filed:   March 30, 2000

————————

Before MCMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

————————

HANSEN, Circuit Judge.

    Prior to the Supreme Court's rulings in <u>Bailey v. United States</u>, 516 U.S. 137
(1995), and <u>Bousley v. United States</u>, 523 U.S. 614 (1998), Adam Warner Dejan
pleaded guilty to using a firearm during and in relation to a drug trafficking offense.
<u>See</u> 18 U.S.C. § 924(c)(1).  In return, the government agreed to drop a more serious
charge of possession with intent to distribute approximately 517 grams of crack
cocaine.  <u>See</u> 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A).  In his motion to vacate, set
aside, or correct his sentence under 28 U.S.C. § 2255, Dejan claimed actual innocence

of his gun conviction. The district court[1] denied Dejan's motion, finding that although Dejan's claim of actual innocence to the gun charge was not procedurally barred in light of <u>Bousley</u>, he failed to prove actual innocence of the gun conviction pursuant to <u>Bailey</u>. Although we respectfully disagree with the district court's reasoning, we nevertheless affirm the district court's ultimate ruling that Dejan is not entitled to § 2255 relief.

## I. Background

On May 29, 1993, police officers executed a search warrant at apartment #4 at 2824 Pillsbury Avenue South in Minneapolis, Minnesota. Defendant Dejan was found in the apartment, along with his girlfriend who was the listed renter. During the search of the apartment, police found a loaded nine millimeter semi-automatic pistol under the pillow of the bed in which Dejan had been sleeping, a round of ammunition for a .410 gauge shotgun, two pagers, a digital scale, and $1566 in cash. The police also found approximately 517 grams of crack cocaine and a .410 gauge sawed-off shotgun on the porch attached to apartment #4 (apartment #3 was attached to the porch as well, and two apartments on the lower level also had access to the porch).

Dejan was indicted on June 23, 1993, on two counts: Count I for knowing and intentional possession with intent to distribute 517 grams of crack cocaine, carrying a minimum sentence of ten years in prison, and Count II for knowingly using and carrying a nine millimeter pistol and a .410 gauge sawed-off shotgun during and in relation to Count I, carrying a sentence of five years in prison. On October 7, 1993, Dejan pleaded guilty to Count II in return for the government's agreeing to drop Count I. At the guilty plea hearing, defense counsel stated that the defendant denied any knowledge of the crack cocaine and shotgun but admitted to using the nine millimeter

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

pistol to sell small amounts of drugs. Specifically, Dejan explained that he was selling drugs ("Yes, I am a drug dealer."), that he purchased the pistol for protection in his drug dealing, that during the drug sales he had the gun available for protection of himself, his cocaine, and his money, but that he never actually carried the gun ("I didn't actually carry the gun."). (Change of Plea Tr., Oct. 7, 1993, at 20-24.) The district court accepted Dejan's guilty plea and sentenced him to five years in prison and three years of supervised release.

On May 16, 1996, after the Supreme Court's ruling in Bailey, Dejan filed a § 2255 motion alleging actual innocence of his § 924(c)(1) gun conviction (Count II). After the Bousley decision was handed down, and after giving the government and the defendant the opportunity to submit any additional facts or argument either wished to make, the district court denied Dejan's § 2255 motion on September 29, 1998. The district court held that Dejan's § 2255 motion was not procedurally barred based on Bousley, but that on the merits, Dejan had not proven his assertion of actual innocence under Bailey of his gun conviction. The district court therefore denied his § 2255 motion, and Dejan now appeals.

## II. Analysis

In order to obtain relief, the defendant must show that one of his constitutional rights has been violated. Dejan pleaded guilty to the gun charge, and thus he must show that his guilty plea was constitutionally infirm. A guilty plea is constitutionally invalid if it is not "intelligent," and it has long been recognized that a plea of guilty is not "intelligent" unless the defendant first receives "real notice of the true nature of the charge against him." Bousley, 523 U.S. at 618 (quoting Brady v. United States, 397 U.S. 742, 748 (1970), and Smith v. O'Grady, 312 U.S. 329, 334 (1941), respectively). Just as the defendant did in Bousley, Dejan asserts a valid claim that his constitutional rights were violated in that his plea of guilty to the gun charge was not knowing and intelligent because he was misinformed by the district court as to the true nature of the

3

charged gun offense. See Bousley, 523 U.S. at 618-19. However, just like the defendant in Bousley, Dejan did not challenge the validity of his guilty plea on direct appeal, and thus Dejan has procedurally defaulted his claim of a constitutionally invalid guilty plea. See id. at 621. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" Id. at 622 (citations omitted). In this case, petitioner cannot show cause and actual prejudice because his claim of actual innocence was available at the time of his guilty plea, and even if the plea court was unlikely to accept his pre-Bailey "use" argument, assumed futility is not considered "cause" for not raising the claim. See id. at 622-23. Thus, we must decide whether Dejan has made the necessary showing of actual innocence to get around his procedural default.

Dejan argues that the record does not support a finding of "active employment" of a firearm as required by Bailey, and thus he is "actually innocent" of his § 924(c)(1) conviction for "using" a firearm during and in relation to drug trafficking. We agree. Our review of the record convinces us that there is insufficient evidence to support a conviction after Bailey for illegal "use" of a firearm. The facts show nothing more than simple possession of a firearm plus an intent to use the firearm for illegal purposes. The Supreme Court made it clear in Bailey that possession plus intent to use, even if the firearm is stored near drugs or drug proceeds (or underneath a pillow presumably), is not enough to meet the requirement of "active employment" of the firearm. See Bailey, 516 U.S. at 149 ("Placement for later active use does not constitute 'use.'") Dejan's conviction cannot be supported by an inference that he must have "used" the gun (in the Bailey sense of the word) at some point during his drug trafficking activities simply because he slept with the gun under his pillow and he bought the gun to protect his drugs and drug proceeds. There is simply no evidence in the record, and the government presented no evidence during the district court hearing, showing that Dejan ever brandished, displayed, bartered, struck with, fired or attempted to fire, disclosed, mentioned, or in any other way "actively employed" his gun during drug trafficking

activities. See id. at 148-49. For that reason, we find that Dejan has met his burden of proving actual innocence of his conviction under § 924(c)(1) for illegal "use" of a firearm.

A finding of actual innocence for Dejan of his gun conviction, however, does not end our inquiry. In order to prevail, Dejan must not only show actual innocence of the gun conviction for which he pleaded guilty, but he also must show actual innocence of the more serious drug charge that was foregone by the government as part of his plea bargain. See Bousley, 523 U.S. at 624. Furthermore, Dejan must show factual innocence, not simply legal insufficiency of evidence to support a conviction. See id. at 623. In fact, Dejan has the burden of showing that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" of the dismissed drug charge. Id. (internal quotations omitted).

At the outset of this analysis, we reject Dejan's interpretation of the district court's statement that "pursuant to [Bousley], defendant's petition is not barred." (R. at 30). Dejan would have us construe the quoted language as a finding on the merits by the district court that Dejan was actually innocent of both the gun count and the dismissed drug charge. This we decline to do for several reasons. First of all, we think the proper interpretation of the district court's order is that the "not barred by Bousley" language only refers to Dejan's ability to attack the gun conviction. The district court was simply saying that under the first step in Bousley--determining actual innocence for the offense of conviction to which Dejan pleaded guilty--Dejan's actual innocence claim as to the gun conviction was not procedurally barred by his failure to take a direct appeal and could be considered on its merits. In addition, the district court was clear, though we believe erroneous, in its holding that Dejan had not proven actual innocence of his gun conviction, and the court said nothing about the dismissed drug charge. Thus, we decline to accept Dejan's proposed interpretation.

As for the merits of Dejan's claim of actual innocence of the dismissed drug charge, there are two reasons why it must fail. First, Dejan never actually raised his actual innocence claim of the drug count in his original § 2255 petition, and even though given the opportunity to do so, never amended his petition after the Bousley ruling was handed down. We therefore find that Dejan's actual innocence claim on the dismissed drug count has itself been procedurally defaulted because we generally decline to hear arguments raised for the first time on appeal, and an exception to that rule is not warranted in this case. See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995).

Second, even if we were to allow Dejan's claim to go forward, we find that Dejan has failed to meet his burden of establishing actual innocence. Dejan had the opportunity to introduce additional evidence that he was actually innocent of possessing the 517 grams of crack cocaine with intent to distribute as charged in the dismissed drug count, but he declined the opportunity, knowing full well that he had the burden of proving actual innocence such that no reasonable juror could convict him of the charge. Our review of the record has convinced us that there is ample evidence on which a juror could reasonably convict Dejan for the charged but dismissed drug offense. The crack cocaine and shotgun were found on the porch attached to apartment #4's kitchen, Dejan's girlfriend said that she had seen Dejan with drugs in the apartment and that he normally did not store the drugs inside the apartment, and Dejan himself admitted to selling small amounts of cocaine, to owning the .410 gauge shotgun shell found in the apartment (which matched the caliber of the sawed-off shotgun found with the crack cocaine), and to buying the nine millimeter pistol for protection during his drug trafficking activities. In addition, a digital scale was found in the apartment along with two pagers. Dejan's evidence of actual innocence essentially consists of assertions by his counsel that the 517 grams of crack cocaine and the shotgun were not Dejan's, and arguments that the porch area was common to at least one other apartment and could be accessed by an additional two apartments. Dejan falls far short of meeting his burden to show that he is actually innocent of the more serious dismissed drug charge,

and therefore his claim of a constitutionally defective guilty plea to the gun count remains procedurally defaulted.  See Bousley, 523 U.S. at 621-23.

## III.  Conclusion

For these reasons, we affirm the district court's denial of Dejan's request for relief under 28 U.S.C. § 2255.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.