# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-3720

_____

Mustafa Abdullah,                    *
                                     *
            Appellant,               *
                                     *     Appeal from the United States
     v.                              *     District Court for the
                                     *     Western District of Missouri.
United States of America,            *
                                     *
            Appellee.                *


_____

Submitted: September 15, 2000
Filed: February 13, 2001

_____

Before HANSEN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

HANSEN, Circuit Judge.

Mustafa Abdullah appeals the district court's[1] denial of his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On appeal, Abdullah argues his guilty plea was involuntary and unintelligent. We conclude, however, that Abdullah has not shown any ground entitling him to relief, and we therefore affirm the district court's judgment.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

## I. Background

Abdullah was arrested on July 17, 1989, during the execution of a search warrant at a Kansas City, Missouri, apartment. During the course of the search, authorities found 745 grams of cocaine powder and a loaded .44 caliber revolver. The weapon was found in a bedroom under a bed sheet.

Abdullah, along with four other defendants, was charged by a federal grand jury in an eighteen-count indictment. He initially pleaded not guilty to the charges against him, but in September 1989, pleaded guilty to one count of conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 & 841(a)(1) and to one count of using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The government agreed in return to dismiss the remaining six drug charges against him. Prior to his sentencing hearing, Abdullah sought through a pro se letter to withdraw his guilty plea. The district court rejected his request and sentenced him under the Sentencing Guidelines to 365 months imprisonment on the conspiracy charge and a consecutive 60 months on the firearm charge. Abdullah appealed his sentence, arguing, among other things, that he received confusing and incorrect explanations of the firearm charge from the judge, prosecutor, and his own counsel. This court affirmed the sentence on October 16, 1991. See United States v. Abdullah, 947 F.2d 306 (8th Cir. 1991), cert. denied, 504 U.S. 921 (1992).

Abdullah filed a pro se § 2255 motion with the district court in May 1993, challenging his sentence primarily on ineffective assistance of counsel grounds. As relevant to this appeal, he argued his guilty plea was unknowing and involuntary because his counsel provided inaccurate advice. The district court denied the § 2255 motion in September 1996, without a hearing, and Abdullah filed a notice of appeal. The district court apparently believed the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, controlled the appeal and thus forwarded the notice of appeal to the Eighth Circuit as a request for a certificate

of appealability (COA). A panel of our court denied the application in February 1997 and issued the mandate in May 1997, after Abdullah's request for rehearing was denied.

Abdullah unsuccessfully sought recall of the mandate in September 1997 and again in June 1999. In August 1999, after our decision in United States v. Navin, 172 F.3d 537 (8th Cir. 1999), a panel of our court granted his subsequent request to recall the mandate and reinstated the appeal. Navin held that § 2255 motions filed in district court prior to AEDPA's effective date, April 24, 1996, are not subject to COA requirements. See id. at 539.

## II. Discussion and Analysis

Relying on the Supreme Court's decisions in Bailey v. United States, 516 U.S. 137 (1995), and Bousley v. United States, 523 U.S. 614 (1998), Abdullah seeks to set aside his conviction and sentence, arguing his entire guilty plea was neither knowing nor voluntary. In Bailey, the Supreme Court interpreted § 924(c)(1) to require "active employment" of a firearm to sustain a conviction for "use" of the weapon. See 516 U.S. at 148. The Court subsequently recognized in Bousley that a pre-Bailey conviction pursuant to a plea agreement would be constitutionally defective if a defendant was misinformed of the elements of § 924(c)(1), see 523 U.S. at 618-19, and that a pre-Bailey conviction based on an unintelligent guilty plea may be attacked on collateral review, see id. at 621. Although the government concedes that Abdullah's § 924(c) conviction is invalid after Bailey and Bousley, it argues we are prohibited from reaching the merits of his claim because Abdullah did not present his Bailey/Bousley challenge on direct appeal or in the § 2255 proceedings below. Alternatively, the government argues the claim is barred by AEDPA's one-year limitations period.[2]

---

[2]The government also maintains that we are precluded from reaching any issues raised by Abdullah on appeal because no COA was issued. COA requirements, however, are inapplicable to appeals brought in § 2255 proceedings initiated prior to

We assume for purposes of this appeal that Abdullah did not procedurally default his Bailey claim by failing to raise it on direct appeal. Notwithstanding such an assumption, we conclude the claim is barred because Abdullah failed to adequately raise the issue before the district court in this § 2255 proceeding. Generally, a habeas claim cannot be raised by a petitioner for the first time on appeal. See, e.g., Petty v. Card, 195 F.3d 399, 400 (8th Cir. 1999) (holding that an argument not raised before the district court is procedurally defaulted), cert. denied, 121 S. Ct. 78 (2000); United States v. Lawson, 155 F.3d 980, 982 (8th Cir. 1998) ("[I]ssues not presented to the district court will not be considered on appeal unless a finding of waiver would be unfair or unjust."), cert. denied, 525 U.S. 1186 (1999); Devose v. Norris, 53 F.3d 201, 207 (8th Cir. 1995) (holding that habeas claim not included in petition and never raised by petitioner before the district court as basis for habeas relief is procedurally defaulted). Abdullah's § 2255 petition, filed in 1993, alleges that his guilty plea was involuntary and unknowing but was premised on his trial counsel's purported inaccurate advice that: (1) he would be tried by an all-white jury; (2) he had no chance of winning if his case went to trial; (3) he was facing four life sentences; and (4) if he pleaded guilty, his maximum sentence would be fifteen years. (R. at 32.) We find nothing in the petition, however, from which the district court could have inferred that Abdullah sought to raise the claim that his plea was involuntary or unknowing based on his current assertion that he was misled as to § 924(c)(1)'s definition of "use." As the Supreme Court noted in Bousley, the argument was not a novel one. See 523 U.S. at 622. Similarly, Abdullah made no attempt throughout the proceeding below to amend his § 2255 petition to raise the claim, even after the Supreme Court's Bailey decision.

Abdullah argues despite these failures that he sufficiently raised the issue in a pro se motion filed with the district court on March 5, 1996, thus preserving the issue for

---

AEDPA's effective date. See Navin, 172 F.3d at 539. Because Abdullah filed his § 2255 motion in May 1993, a COA is not a prerequisite to our jurisdiction.

our review. Although Abdullah initiated the proceedings below pro se and sought appointment of counsel in a subsequent motion, which was denied by the district court, he subsequently retained private counsel who appeared on his behalf in June 1995. Even though he had obtained private counsel, Abdullah filed the pro se motion in March 1996, asserting in one paragraph that he had not "used" a firearm within the meaning of § 924(c)(1) in light of <u>Bailey</u>. Noting that a represented party must file pleadings through his attorney, the district court denied the motion without consideration of its contents and instructed the clerk to return the motion to Abdullah's attorney of record. Abdullah's private counsel never raised the <u>Bailey</u> argument on his behalf.[3]

Abdullah's pro se attempt to challenge his conviction based on <u>Bailey</u> was insufficient to preserve our review of the claim. It was not properly raised before or ruled upon by the district court, and we find no unfairness or injustice in our conclusion that the claim was waived. A district court has no obligation to entertain pro se motions filed by a represented party. <u>See</u> <u>United States v. Agofsky</u>, 20 F.3d 866, 872 (8th Cir.) (holding that a court commits "no error" in refusing to rule on pro se motions raised by a represented party), <u>cert. denied</u>, 513 U.S. 909 (1994). In addition, the district court undertook the proper step of forwarding the motion to Abdullah's attorney, thereby giving him notice of the potential basis for relief if he was not already aware of it. Even though the attorney did nothing in response to preserve the claim, Abdullah was not without a remedy. He could have terminated his counsel and reasserted his <u>Bailey</u> argument pro se or retained new counsel to raise the argument on his behalf (which he presumably had the resources to do considering he previously obtained counsel). <u>Compare</u> <u>Miller v. Kemna</u>, 207 F.3d 1096, 1098 (8th Cir.) (Heaney, J., concurring) (reflecting on the "Hobson's choice" a petitioner faced when the court

---

[3]Abdullah also sought to raise the <u>Bailey</u> issue in a pro se Rule 60(b) motion, filed on June 18, 1997. The court also denied that motion without prejudice and instructed the clerk to forward the motion to Abdullah's attorney.

refused a pro se brief raising issues his appointed counsel refused to raise), cert. denied, 121 S. Ct. 328 (2000). Thus, we conclude that Abdullah procedurally defaulted the Bailey/Bousley argument he presently raises on appeal.

In essence, Abdullah's assertion of the claim on appeal constitutes an attempt to file a second or successive § 2255 motion. See Hornbuckle v. Groose, 106 F.3d 253, 256 n.5 (8th Cir.), cert. denied, 522 U.S. 873 (1997). Because Abdullah procedurally defaulted his claim by not properly raising it below, he may only raise the claim in a subsequent § 2255 proceeding if he can "demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000) (quoting Bousley, 523 U.S. at 622). Abdullah contends that, if he did in fact default his claim, he should, nevertheless, be entitled to raise it because he is actually innocent of the gun charge.[4] Even assuming the validity of his contention, we decline to authorize a successive § 2255 proceeding because Abdullah's Bailey claim is time-barred. AEDPA established a one-year grace period, ending on April 24, 1997, in which federal defendants were authorized to file a § 2255 motion based on claims existing on the date of its enactment. See Moore v. United States, 173 F.3d 1131, 1133, 1135 (8th Cir. 1999). Consequently, Abdullah had to assert his Bailey claim

---

[4]Under the actual innocence showing, a petitioner must demonstrate not only actual innocence of the gun charge but also of the more serious charges the government dismissed in exchange for the guilty plea. See Dejan, 208 F.3d at 686. Abdullah contends the dismissed drug counts were not "more serious" than the gun charge because, had he been convicted of the six dismissed drug counts, the counts would have been grouped with his conspiracy conviction under the Sentencing Guidelines and would have had less of an impact on his total sentence than the mandatory consecutive sentence he received on his § 924(c)(1) conviction. See United States v. Halter, 217 F.3d 551, 553-54 (8th Cir. 2000) (holding that dismissed drug counts are not "more serious" if their effect on the total sentence is less than the § 924(c) five-year, mandatory consecutive sentence).

6

prior to April 24, 1997. He offers no suggestion that the statutory period was tolled for any reason.[5]

Abdullah also argues on appeal that his sentence was imposed in violation of the constitutional protections recognized by the Supreme Court in <u>Apprendi v. New Jersey</u>,

---

[5]The dissent suggests Abdullah's inability to raise the <u>Bailey</u> issue before the district court resulted from his attorney's poor health and a breakdown in communication. As the dissent notes, however, Abdullah's attorney informed the court in 1995 that all he needed was a four-week extension and that he would then be able to handle the matter. He sought no further extensions after that time. Counsel stated at oral argument that Abdullah's attorney below "is deceased," but there is no indication that the attorney's health was the reason he failed to raise the <u>Bailey</u> issue nor was that argument advanced before this court as the reason. Moreover, even if there was a breakdown in communication between Abdullah and his attorney, the dissent acknowledges that Abdullah was informed by the clerk of the district court in July 1996, approximately nine months prior to the date on which his claim became time-barred, that he was required to file pleadings through his attorney of record. The clerk documented her conversation with Abduallah in a memorandum to the file:

> I . . . explained that I was concerned about his case because, although an attorney has entered an appearance on his behalf, Mr. [Abdullah] is filing pleadings pro se. I explained that he could not be represented <u>and</u> proceed pro se. I told him that . . . his pro se pleadings would most likely be returned to his attorney without consideration of their contents, and with instructions to file future pleadings through the attorney of record. Finally, I recommended that he contact his attorney to discuss how to proceed with this case.

We think this discussion was sufficient to put Abdullah on notice that his prior pleading was deficient and that he needed to follow up with his attorney. If after this conversation he was unhappy with his attorney's failure to raise the <u>Bailey</u> claim, he had nine months to seek other counsel or terminate his attorney's representation and proceed pro se, as we discussed <u>supra</u>.

120 S. Ct. 2348 (2000).[6] As with his earlier argument, we construe this argument as a request to file a second or successive § 2255 motion in which to raise an <u>Apprendi</u> issue. However, because the Supreme Court has not made <u>Apprendi</u> retroactive to cases on collateral review, Abdullah is barred from raising the issue in a second or successive § 2255 motion. <u>See</u> <u>Rodgers v. United States</u>, 229 F.3d 704, 706 (8th Cir. 2000). Abdullah's remaining arguments are rendered moot by our rejection of his <u>Bailey</u> claim or are otherwise without merit.

### III. <u>Conclusion</u>

Accordingly, we affirm the judgment of the district court.

HEANEY, Circuit Judge, dissenting.

The government has conceded that Abdullah's § 924(c) conviction is invalid after <u>Bailey</u> and <u>Bousley</u>. The majority asserts that the one-year time limit of April 24, 1997, set forth in AEDPA bars any relief. Because of the unique circumstances of this case, which include Abdullah's timely filing of a pro se motion raising the <u>Bailey</u> issue, the district court's disregard of Abdullah's motion, the return of the motion to his attorney (apparently without notifying Abdullah), and the complete failure of his attorney to assert the issue because of apparent illness, I must respectfully dissent.

When this matter was first before the court in 1991, Attorney Timothy Stein represented Abdullah. Stein withdrew from the representation after we affirmed Abdullah's conviction. The record indicates that on May 22, 1995, Attorney Raymond Takiff of Boca Raton, Florida, stated that he had been asked by Abdullah's family to represent Abdullah in post-conviction proceedings. On July 21, 1995, Takiff notified

---

[6]Abdullah raises the <u>Apprendi</u> issue in a pro se Rule 28(j) letter filed with the court on November 24, 2000.

8

the district court that local counsel would be Donna Rohwer. On July 24, 1995, Takiff asked for an extension of time because he had a serious heart condition and had suffered heart failure in the first week of July. He stated that he would nonetheless be able to handle matters if he could have an additional four-week extension.

Bailey was decided in December, 1995. On March 5, 1996, Abdullah filed a pro se motion raising the Bailey issue present in his case. Neither Takiff, nor local counsel, Rohwer, ever raised the issue at any point in their representation of Abdullah. On July 29, 1996, Abdullah called the clerk of court's office and was informed that he should file further proceedings through his attorney of record. On August 19, 1996, Judge Fenner, the new judge to whom the case had been assigned, entered an order instructing the clerk of court to return Abdullah's motion to Takiff. From the record it does not appear that Abdullah was aware his motion would be disregarded. On September 10, 1996, the district court denied the § 2255 motion, without any mention of the Bailey issue. On June 18, 1997, Abdullah filed another pro se motion and memorandum in which he questioned why the Bailey issue had not been addressed by the court. On July 14, 1997, the district court entered another order that stated that Abdullah's most recent pro se motion was being returned to Abdullah's attorney without consideration of its contents. At oral argument, it was stated that Takiff had been ill and had passed away.

It appears from the record that (1) there was scant communication between Abdullah and Takiff, (2) Abdullah was unaware his pro se motion on the Bailey issue would be disregarded, and (3) Takiff and local counsel completely failed to assert the argument. While the majority states that Abdullah had a remedy in either retaining new counsel or terminating his attorney and raising the Bailey issue pro se, the circumstances of this case show that these supposed remedies were illusory. Given the lack of communication between the district court and Abdullah, as well as Abdullah and Takiff, Abdullah was not even aware that the district court was refusing to consider his petition on the Bailey issue. Although the district court has discretion to deny a

litigant's attempt to engage in hybrid representation, see <u>Kemna</u>, 207 F.3d at 1097, I believe it was an abuse of that discretion to reject Abdullah's pro se filing where, as here, the filing raises what is conceded to be a meritorious constitutional challenge, and where, in proceedings of a different nature, counsel's omission would clearly amount to a denial of constitutionally adequate representation. Clearly, Abdullah raised the <u>Bailey</u> issue in a timely manner and he should not be penalized for the breakdown in communications that occurred.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.