# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-1049

———————

Amron Jackson,

      Appellant,

      v.

Dave Dormire,

      Appellee.

\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*     [UNPUBLISHED]

———————

Submitted:  February 14, 2001

Filed:  April 23, 2001

———————

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

———————

PER CURIAM.


    Amron W. Jackson was sentenced to life imprisonment following his conviction by a Missouri jury of second-degree murder. After exhausting his state remedies, Jackson filed a petition for writ of habeas corpus in United States District Court[1] pursuant to 28 U.S.C. § 2254. The district court denied Jackson's petition, but issued

———————

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri, presiding.

a certificate of appealability on Jackson's claim that his constitutional rights were violated when a state prosecutor knowingly failed to disclose a "deal" he had reached with a witness and when the prosecutor suborned perjury from the witness at trial.

We affirm on the grounds set forth by the district court in its well-reasoned order denying Jackson's petition. Having reviewed the record, we agree with the district court that Jackson's claim regarding the alleged prosecutorial misconduct is procedurally defaulted. Thus, Jackson must demonstrate either (1) actual innocence or (2) cause and prejudice to excuse the default. Coleman v. Thompson, 501 U.S. 722, 748-49 (1991); Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000). Jackson does not allege actual innocence, and we agree with the district court that he has failed to establish cause and prejudice. In particular, we observe that Jackson has not established prejudice because he has not demonstrated that "the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis omitted).

AFFIRMED. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.