# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3213

_____

Gerald Dasean Jarrett,      *
                                        *

    Petitioner - Appellant,      *

                                        *   Appeal from the United States

v.      *   District Court for the

                                        *   District of Minnesota.

United States of America,      *

                                        *

    Respondent - Appellee.      *

_____

Submitted:  May 14, 2001

Filed:   October 2, 2001

_____

Before LOKEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Gerald Jarrett appeals the district court's refusal to reconsider his petition under 28 U.S.C. § 2255 (Supp. IV 1998) challenging his life sentence for drug trafficking offenses. After Jarrett's Section 2255 petition was denied, he filed a postjudgment motion arguing that his sentence should be vacated in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court denied the motion on the ground that this argument could have been raised before judgment. An intervening decision of

this court has squarely rejected the <u>Apprendi</u> claim that Jarrett seeks to raise, so we will affirm on that basis.

In 1996 a jury convicted Jarrett of four counts arising from his participation in a conspiracy to traffic in crack cocaine. Jarrett's jury made no findings on the quantity of drugs involved. At sentencing, the district court determined by a preponderance of the evidence that Jarrett was responsible for between 500 and 1500 grams of cocaine base. Under the Sentencing Guidelines, that finding increased Jarrett's sentence to life imprisonment. This court affirmed Jarrett's conviction. <u>United States v. Davis</u>, 154 F.3d 772 (8th Cir. 1998), <u>cert. denied</u>, <u>Jarrett v. United States</u>, 525 U.S. 1163 (1999).

Jarrett then filed a pro se petition under 28 U.S.C. § 2255 for postconviction relief from his sentence, claiming ineffective assistance of counsel. On June 26, 2000, while Jarrett's Section 2255 petition was still pending before the district court, the Supreme Court handed down <u>Apprendi</u>, which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. However, Jarrett did not add the <u>Apprendi</u>-related claim to his Section 2255 petition while it was pending. The district court denied the petition on August 10, 2000.

Two weeks later, Jarrett timely filed a pro se motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), titling it a motion to "amend" his rejected petition. Jarrett's 59(e) motion asserted, for the first time, that his sentence was invalid under <u>Apprendi</u> because the drug quantity involved in his offenses was not determined by the jury beyond a reasonable doubt. The district court denied the motion, concluding that Jarrett could have raised this <u>Apprendi</u> argument before judgment was originally entered on his Section 2255 petition; therefore, Rule 59(e) could not be used to raise

the argument after judgment.  See, e.g., Concordia Coll. Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993).

We issued a certificate of appealability on the Apprendi issue.  Jarrett argues that he should have been allowed to raise his new argument in the court below, and that Apprendi should be applied retroactively to vacate his sentence since his jury did not make a finding of drug quantity.

We do not need to decide whether the district court abused its discretion under Rule 59(e) in ruling that Jarrett could have raised his Apprendi claim earlier.  After we heard oral argument in this case, another panel of this court decided United States v. Moss, 252 F.3d 993 (8th Cir. 2001), which held that Apprendi was not a decision of such "watershed magnitude" that it would apply retroactively on collateral review.  Moss, 252 F.3d at 1000.[1]  Therefore, as the government argues in this appeal, the general rule of nonretroactivity in Teague v. Lane, 489 U.S. 288 (1989), conclusively bars a petitioner like Jarrett, whose conviction became final before Apprendi, from raising an Apprendi claim in a Section 2255 petition.  See Moss, 252 F.3d at 997.

While Moss was a product of a divided court, we are bound by its holding.  See Dukes v. United States, 255 F.3d 912, 914 (8th Cir. July 11, 2001) ("One panel may not overrule another.") (quoting United States v. Reynolds, 116 F.3d 328, 329 (8th Cir. 1997)).

---

[1] Interestingly, Justice O'Connor, joined by three other Justices in Apprendi, did speak of the case as a "watershed change."  530 U.S. at 524 (O'Connor, J., dissenting).  But more recently the Court has emphasized that even those newly acknowledged constitutional errors that are "structural" in nature, or that relate to "fundamental requirements of due process," may still fall short of the "watershed" status contemplated in Teague.  Tyler v. Cain, 121 S. Ct. 2478, 2484 n.7 (2001).

Thus, even if we assume that on these facts Jarrett was entitled to raise his Apprendi claim in a Rule 59(e) motion, the district court still properly denied his motion because Apprendi does not apply retroactively on collateral review.[2]

The judgment of the district court is therefore affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2] We are willing to resolve the case without resolving the procedural propriety of Jarrett's Rule 59(e) motion because we do not view the rule applied in the district court's decision as raising a jurisdictional issue. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998).