# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3212

_____

| | |
|---|---|
| Darnell Hines, | * |
| | * |
| Petitioner - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| United States of America, | * |
| | * |
| Respondent - Appellee. | * |

_____

Submitted: August 21, 2001

Filed: March 7, 2002

_____

Before BYE, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Darnell Hines appeals from an order of the district court[1] denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Supp. IV 1998). His motion alleged that he had received ineffective assistance of counsel in that counsel gave him inaccurate advice concerning his possible sentence, failed to object to Hines's being sentenced for possession of crack cocaine, and failed to call him to testify even though he advised counsel that he wished to do so. The district

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

court denied his motion. Thereafter, Hines filed a motion for reconsideration in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), which the district court denied. On appeal he argues that the court erred in denying his initial motion and his motion for reconsideration. We affirm the judgment of the district court.

Hines was convicted after trial of numerous drug offenses under 21 U.S.C. §§ 841(a)(1), 846, and 861(a)(1) (1994) and 18 U.S.C. § 924(c) (1994). Hines did not testify at his trial. He was sentenced to 420 months imprisonment.[2] On appeal we affirmed. United States v. Davis, 154 F.3d 772 (8th Cir. 1998).

On January 3, 2000, Hines filed his motion under section 2255, which raised only the ineffective assistance of counsel issues. While this motion was pending, the Supreme Court decided Apprendi on June 26, 2000. The district court denied Hines's section 2255 motion on August 10, 2000, addressing only the ineffective assistance of counsel claims.

During the time between the Supreme Court's decision in Apprendi and the district court's ruling, Hines submitted no filing raising the Apprendi issue. In a pro se motion for reconsideration filed August 21, 2000, he argued for the first time that his conviction was unconstitutional because the amount of drugs had not been decided by the jury. The district court held that a motion for reconsideration under Fed. R. Civ. P. 59(e) is not an available vehicle for arguments that the petitioner could have made before judgment was entered. Because Hines could have raised the Apprendi claim before the court ruled on the petition and he failed to do so, the district court denied his motion.

---

[2]He was sentenced to 360 months on the drug counts and a sixty month consecutive sentence on the firearm count.

We granted a certificate of appealability limited to Hines's right-to-testify and Apprendi claims.

On this appeal Hines argues that the district court abused its discretion in denying as untimely his motion for reconsideration based on Apprendi. We rejected the same argument based on similar facts in the case of Hines's co-defendant, Gerald Dasean Jarrett. Jarrett v. United States, 266 F.3d 789, 791 (8th Cir. 2001). Like Hines, Jarrett had a section 2255 petition pending when Apprendi was decided. Also like Hines, Jarrett failed to amend his pending petition, but waited until his petition had been denied, then raised the Apprendi argument for the first time in a Rule 59(e) motion. The district court denied Jarrett's Rule 59(e) motion on the ground that Jarrett should have raised the Apprendi argument before the court ruled on his petition. 266 F.3d at 791. In Jarrett we found it unnecessary to decide whether the court should have entertained the Rule 59(e) motion, because in any case the motion would have been futile. United States v. Moss, 252 F.3d 993 (8th Cir. 2001), cert. denied, 122 S. Ct. 848 (2002), had just established in our circuit that if a conviction became final before Apprendi was handed down, we may not apply Apprendi retroactively on collateral review. On the strength of Moss, we affirmed the denial of Jarrett's motion, and we must affirm the district court's order in this case on the same ground.

Hines also contends that his counsel was ineffective for failing to call him as a witness at trial. The district court examined this claim under the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a petitioner to show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Hines produced no evidence indicating what his testimony would have been. The district court held: "Petitioner . . . fails to provide any indication of how his testimony might have altered the outcome at trial." Accordingly, Hines failed to establish that the attorney's deficient performance prejudiced his defense, and the court denied his claim.

-3-

The district court's reasoning finds support in our en banc decision in Foster v. Delo, 39 F.3d 873, 877 (8th Cir. 1994). There, we said:

> Foster argues that his attorney should have called him to testify in order to convince the jury not to impose capital punishment on him. He does not, however, tell us why he believes that there is a reasonable probability that the jury would have reached a different verdict if it had heard his testimony. In fact, at the evidentiary hearing held when the state court heard his motion for relief . . . Foster never even indicated what his testimony would have been had he taken the stand. Since it is incumbent upon a petitioner to show that he was actually prejudiced by his counsel's actions, we cannot grant relief.

Id. Hines filed an affidavit stating that he wanted to testify at trial and that counsel failed to call him, but saying nothing about what he would have said if he had testified. Like Foster, Hines has given us no basis to conclude that counsel's alleged failure to call him prejudiced his defense.

On appeal, Hines asks that we consider the violation of his right to testify as a distinct claim. He did not raise this below as a separate claim in his petition, but only alluded to his right to testify as part of his ineffective assistance of counsel claim. In fact, in his petition, Hines argued that the alleged violation of his right to testify was properly considered as an ineffective assistance of counsel claim:

> Because it is primarily the responsibility of defense counsel to advise the defendant of his right to testify and thereby to ensure that the right is protected, the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel. United States v. Teague, 953 F.2d 1525, 1524 (11th Cir. 1992).

Generally, a habeas petitioner cannot assert new claims on appeal that were not raised below. Abdullah v. United States, 240 F.3d 683, 685 (8th Cir.), cert. denied,

122 S. Ct. 278 (2001). In <u>Frey v. Schuetzle</u>, 151 F.3d 893, 897 (8th Cir. 1998), a habeas petitioner raised a claim that his right to testify was denied when counsel "interfered" with that right. The state contended that he had not adequately raised that contention in state courts as a stand-alone claim, separate from his ineffective assistance claim. We held that his allegations in state courts that counsel's conduct violated his right to testify adequately raised the claim. However, in this case, Hines specifically argued that his right-to-testify allegations were part of his ineffective assistance claim, and the district court consequently did not conduct a separate analysis of whether Hines waived his right to testify. Now Hines faults the district court for failing to conduct an evidentiary hearing on the waiver issue. Hines invited the court to consider his contention of attorney misconduct part of his ineffective assistance claim, and we see no injustice in taking him at his word. We therefore hold that Hines waived the right to raise this claim separately.

We affirm the judgment of the district court denying Hines's petition for habeas corpus.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.