# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3615

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Mark Steven Ayala, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 12, 2002
Filed: December 26, 2002

_____

Before HANSEN, Chief Judge, HEANEY and BYE, Circuit Judges.

_____

PER CURIAM.

Mark Steven Ayala pleaded guilty to conspiring to distribute methamphetamine, cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846, and using a person under the age of eighteen to distribute methamphetamine, in violation of 21 U.S.C. § 861(a)(1). The district court[1] accepted a plea agreement that the parties reached pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C),

_____

[1] The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

which bound the court to sentence Ayala to 360 months in prison. Ayala received 360 months in prison and ten years of supervised release.

Ayala did not appeal, but he did file a timely 28 U.S.C. § 2255 motion. The district court denied his motion and granted him a certificate of appealability. For the reasons discussed below, we affirm the judgment of the district court.

I.

Ayala submitted two opening briefs, and when this court required him to choose which brief he would rely on, he selected the second one. (8th Cir. Docket 6/12/02, 6/19/02, 6/21/02.) We therefore do not consider the additional issues Ayala raised in his first opening brief: ineffective assistance of postconviction counsel, the application of an aggravating-role enhancement, the timeliness of the government's notice under 21 U.S.C. § 851 of Ayala's prior felony drug conviction, sentencing disparity relative to Ayala's codefendants, and ineffective assistance of trial counsel.

II.

First, Ayala argues that his convictions and sentence violate <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). We held in <u>United States v. Moss</u>, 252 F.3d 993, 997 (8th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 848 (2002), that an <u>Apprendi</u> claim cannot be raised on collateral review. Ayala urges us to overrule <u>Moss</u>, but this can only be done by the en banc court. <u>See</u> <u>Jarrett v. United States</u>, 266 F.3d 789, 791 (8th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1582 (2002). Ayala's request for an initial hearing en banc was denied. (8th Cir. Docket 7/9/02.)

Second, Ayala argues that the government breached the plea agreement by failing to conduct an immediate debriefing that might have led to a substantial-assistance downward-departure motion. We have carefully read the plea agreement,

2

and we have found no such breach. The agreement imposed a unilateral obligation on Ayala to agree to be debriefed immediately, but it did not impose any corresponding obligation on the government to debrief him immediately. (Plea Agreement Add. ¶ 3.) More importantly, because what is really at stake for Ayala is the government's decision not to file a substantial-assistance downward-departure motion, the agreement reserved to the government the right to determine in its "sole discretion" whether to file such a motion. (Id. ¶ 8.) See United States v. Amezcua, 276 F.3d 445, 447 (8th Cir.) (finding no merit to defendant's argument that government breached plea agreement where agreement reserved to government, in its sole discretion, decision whether to move for substantial-assistance downward-departure), cert. denied, 122 S. Ct. 2637 (2002).

## III.

Accordingly, we affirm the judgment of the district court. We deny as moot the government's motion to strike certain portions of Ayala's briefs and to dismiss those issues from this appeal.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.