**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5215**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DERRICK TRUESDALE, a/k/a Paperboy,

    Defendant - Appellant.

**No. 10-4020**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DERRICK TRUESDALE, a/k/a Paperboy, a/k/a Little D,

    Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:09-cr-00288-WDQ-5; 1:09-cr-00287-WDQ-5)

Submitted:  March 3, 2011    Decided:  March 18, 2011

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Sean P. Vitrano, HAZLEHURST VITRANO LLC, Hunt Valley, Maryland, for Appellant. Kwame Jangha Manley, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Truesdale appeals his convictions and 262 month sentence for one count of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d) (2006), and one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846 (2006). Counsel has filed a brief in this court pursuant to Anders v. California, 386 U.S. 738 (1967), indicating that there are no meritorious issues for appeal. Truesdale has filed a pro se supplemental brief. The Government has elected not to file a brief. We affirm.

In the Anders brief, counsel indicates that because Truesdale executed a plea agreement that contained an appeal waiver, there are no meritorious issues for appeal. The Government, however, has not filed a responsive brief invoking the appeal waiver, nor has the Government moved to dismiss this appeal. Accordingly, the Government has waived reliance on the waiver, and the court will perform its required Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (noting that if the government does nothing in response to an Anders brief in a case where the appellant has waived his right to appeal, the Court will perform its required Anders review); see also United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir. 1993) (holding that the government's failure to

3

assert an appeal waiver as a bar to the appeal constitutes a waiver of reliance on the appeal waiver).

## I. Adequacy of the Rule 11 Colloquy

Where the defendant did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error.[*]  United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002).

"To establish plain error, [Truesdale] must show that an error occurred, that the error was plain, and that the error affected his substantial rights."  United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007) (citation omitted).  Even if Truesdale satisfies these requirements, the court retains discretion to correct the error, which it should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  Id. (internal quotation marks and citation omitted).

---

[*] Truesdale did file a pro se motion to withdraw his plea, which the district court did not consider.  Because Truesdale was represented by counsel at the time, his motion has not preserved a challenge to the adequacy of the Rule 11 hearing.  See Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) (pro se filing does not preserve issue for appellate review where defendant is represented by counsel at the time of the filing).

We have reviewed the record of the Rule 11 hearing, and we conclude that the district court complied with the Rule's mandates. The court ensured that Truesdale's plea was knowing, voluntary, and supported by an adequate factual basis.

## II. Sentence

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, we must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Our review of the sentencing proceeding reveals that the sentence was procedurally reasonable. The court correctly calculated the Guidelines range, including its classification of Truesdale as a career offender. In addition, the court's explanation of Truesdale's sentence was adequate. Accordingly, the sentence was procedurally reasonable.

Even if the sentence is procedurally reasonable, we must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We presume on appeal that a sentence within a properly calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Our review of the record reveals that Truesdale has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence.

## III. Pro Se Supplemental Brief

In his supplemental brief, Truesdale makes numerous challenges to his sentence, argues that counsel provided ineffective assistance, and claims that the district court erred in failing to consider his pro se motion to withdraw his guilty

6

plea.  We have carefully reviewed these claims and initially conclude that Truesdale's claims of ineffective assistance of counsel are not cognizable on direct appeal.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  We conclude that the remainder of Truesdale's claims are without merit.

IV.  Other Meritorious Issues for Appeal

Finally, in accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court.  We also deny Truesdale's motion to amend his pro se supplemental brief.  This court requires that counsel inform Truesdale, in writing, of the right to petition the Supreme Court of the United States for further review.  If Truesdale requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Truesdale.

We dispense with oral argument because the facts and legal contentions are adequately before the court and argument would not aid the decisional process.

AFFIRMED

7